(724 P.2d 146)

No. 58,178
No. 58,179
No. 58,180

STATE OF KANSAS, *Appellee,* v. THADDEUS JONES, JOHN ALLEN PURDY, and THANH VAN PHAM, *Appellants.*

Opinion filed August 28, 1986.

*Bruce C. Hedrick,* of Legal Services for Prisoners, Inc., of Lansing, for the appellants.

*Frank E. Kohl,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before ABBOTT, C.J., PARKS, J., and HARRY G. MILLER, District Judge Retired, assigned.

ABBOTT, C.J.: This is a consolidated appeal of Thaddeus Jones, John Allen Purdy, and Thanh Van Pham, who are contesting the court's recommendation concerning restitution to the State of Kansas for costs incurred in apprehending them after their escape from the Kansas State Penitentiary at Lansing.

At approximately 1:00 a.m. on September 24, 1984, five prisoners escaped from Kansas State Penitentiary (KSP). Jones, Purdy, and Pham were serving life sentences for first-degree murder. The Department of Corrections and other state and local law enforcement agencies instituted emergency procedures in order to apprehend the escapees.

The escapees separated into two groups. At 6:00 p.m. on September 26, 1984, Jones was captured in Kansas City, Kansas. A search of the area where Jones was captured resulted in the capture of two of the other escapees not involved in this appeal. Some six hours later, Purdy and Pham were captured while

walking along a highway approximately five miles south of the KSP.

The three pled guilty to the charge of aggravated escape from custody (K.S.A. 21-3810). As a condition of early release or parole pursuant to the provisions of K.S.A. 1985 Supp. 22-3717(k), restitution to the State of Kansas in the amount of $5,136 for each offender was recommended by the trial court.

The restitution figure was based on the presentence investigation report which states in pertinent part:

"1,653 man hours were required in apprehending these escapees. This cost the Kansas Department of Corrections $25,680.46. The Kansas Department of Corrections has requested restitution on this money loss from their budget."

The court services officer then divided the $25,680.46 figure by five (the number of escapees) and recommended restitution in the amount of $5,136 each. The trial judge recommended restitution in that amount. Counsel for each of the defendants objected. However, their evidentiary objections were, at best, overly broad and vague.

On appeal, defendants contend that the costs expended by the Kansas Department of Corrections to apprehend an escaped prisoner are not properly reimbursable, and that since all of the defendants are indigent, it is an abuse of discretion to recommend they pay such a large sum as restitution.

Since the recommendation of restitution by the trial court in this case, the Kansas Supreme Court has made it clear that a trial court may not sentence a defendant to imprisonment in an institution and also require the defendant to pay immediate restitution. See *State v. Bowers*, 239 Kan 417, 721 P.2d 268 (1986); *State v. McNaught*, 238 Kan. 567, 588-89, 713 P.2d 457 (1986); *State v. Chilcote*, 7 Kan. App. 2d 685, 689-90, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982). The journal entry should clearly state that the amount and manner of restitution ordered is not immediate, and that the information is being provided for the benefit of the Kansas Adult Authority.

Our Kansas Supreme Court has considered K.S.A. 1985 Supp. 21-4610 which grants the trial court authority to impose conditions of probation or suspended sentence and to order the defendant to comply with certain conditions. Among those conditions is a provision concerning an aggrieved party, which reads in relevant part:

"(4) In addition to any other conditions of probation or suspension of sentence,

the court shall order the defendant to comply with each of the following conditions:

"(a) *Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime*, in an amount and manner determined by the court, unless the court finds compelling circumstances which would render a plan of reparation or restitution unworkable . . . ." (Emphasis supplied.)

The Kansas Supreme Court interpreted the meaning of "aggrieved party" in *State v. Yost*, 232 Kan. 370, 374, 654 P.2d 458 (1982), *rev'd on other grounds State v. Haines*, 238 Kan. 478, 712 P.2d 1211 (1986), and stated:

"[L]egislative history was of no assistance in resolving how our statute should be interpreted. Neither do we come up with any full answer by considering rules of statutory construction. K.S.A. 21-4610 begins by giving the trial judge broad powers in probation matters. There can be no question but that the statutory intent is for broad interpretation. Also, the law is clear enough that '[t]he fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute.' *Kansas State Board of Healing Arts v. Dickerson*, 229 Kan. 627, 630, 629 P.2d 187 (1981).

"Immediately, however, we face the fact that the broad grant of authority is '(1) Except as required by subsection (4).' It is in section 4 that we have the limitation of restitution 'to the aggrieved party.' "

We have no hesitancy in stating that the State of Kansas or any other governmental unit, be it local, county, or state, can be an aggrieved party. We have no doubt that the statute would allow the State to recover for physical damages caused by the prisoners in the escape attempt.

The bottom line here is whether the legislature intended the statutory language set forth above to apply to the costs of capturing an escaped prisoner.

If a private citizen is the victim of a crime, would the statute as drawn authorize a trial judge to order the defendant to pay the investigation expenses? We think not. Likewise, it does not appear to be the intent of the legislature that when the State of Kansas is the victim that investigative costs and costs of apprehension be assessed against the defendant.

In the *Yost* case, 232 Kan. at 374, the Kansas Supreme Court said that the legislature intended a broad interpretation of the statute in question. Giving the statute a broad interpretation, we are of the opinion the legislature did not intend that the manpower costs incurred to capture an escaped prisoner be subject to

a court order that a defendant reimburse the State pursuant to either 21-4610(4)(a) or 22-3717(k).

Having reached that conclusion, the other issues are moot. We do comment that a trial judge is not bound by strict rules of evidence in ordering reparations or restitution pursuant to 22-3717(k). However, the defendant must be given an opportunity, within reason, to question how the sums ordered are calculated. No clear request was made in this case, and the objection made was somewhat vague. For example, upon proper and timely objection or request, the defendant would be entitled to know whether employees other than Department of Corrections employees were included and, if so, who employed them; the defendant would be entitled to know whether the figures were actual or estimated and whether the figures included persons who would have been on duty in any event. These are but a few examples and are not meant to be all-inclusive. The same principles would apply to all cases under 21-4610(4)(a).

An attorney representing a defendant is expected to act in good faith in challenging restitution or reparations; failure to act in good faith or to make an adequate investigation could result in adverse consequences to the client, or to both the client and attorney. The courts must give an attorney adequate time, opportunity, and the necessary tools to make a good faith challenge to alleged damages and losses claimed by a victim.

Reversed and remanded with directions to vacate that part of the court's order recommending restitution for man hours spent in capturing the escapees.