(861 P.2d 828)

No. 68,730 [1]

STATE OF KANSAS, *Appellee,* v. GEORGE W. WELLS, a/k/a BILLY WELLS, *Appellant.*

Opinion filed July 23, 1993.

*Monte L. Miller,* of Emporia, for appellant.

*Rodney H. Symmonds,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, C.J., BRAZIL and GREEN, JJ.

GREEN, J.: George W. Wells, a/k/a Billy Wells, appeals the length and the terms of the probation imposed following his conviction by a jury for battery, contrary to K.S.A. 21-3412, a class B misdemeanor. The basis of Wells' appeal is that the trial court abused its discretion by requiring him to pay restitution of $13,961.34 as a condition of probation and by requiring 18 months of probation after a 60-day jail sentence.

Wells argues that the trial court abused its discretion by requiring him to pay restitution in an amount equaling the victim's total medical costs because no evidence was presented that he broke the victim's jaw or that he encouraged the two other attackers to do so. Wells also argues that he is being required to

pay the $13,961.34 as punishment for breaking the victim's jaw, an offense for which he claims the jury found him not guilty. Wells concedes he should be held liable for the portion of the victim's injuries caused by his striking the victim. Although stated inartfully, we take Wells' argument to mean that the trial court should have applied a comparative fault theory in determining the amount of restitution. Consequently, Wells asserts that restitution should have been apportioned in accordance with the nature and extent of the injuries he inflicted on the victim as compared to the nature and extent of the injuries inflicted on the victim by the other two attackers. We find this argument is ingenuous, to say the least. However, we decline to accept Wells' view.

Although this issue is one of first impression in Kansas, many other jurisdictions agree that a defendant may be responsible for the entire amount of damage or loss caused by the defendant's crime even when the criminal conduct is undertaken in concert with others. See, *e.g.*, *People v. Goss*, 109 Cal. App. 3d 443, 167 Cal. Rptr. 224 (1980); *Spivey v. State*, 531 So. 2d 965 (Fla. 1988); *People v. Turco*, 130 App. Div. 2d 785, 515 N.Y.S. 2d 853 (1987); *State v. Clapp*, 67 Wash. App. 263, 834 P.2d 1101 (1992). We find these cases are persuasive on this issue. Therefore, we adopt the rule that a defendant may be held responsible for all of the damage or loss caused to a victim where criminal conduct was undertaken in concert with others.

Furthermore, Wells is unwilling to acknowledge the wide power of the sentencing court. For instance, in *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991), the court stated:

"We have consistently recognized that probation is a privilege granted by the sentencing court and that the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court."

In the present case, the issue is the application of K.S.A. 1992 Supp. 21-4610(4)(a). K.S.A. 1992 Supp. 21-4610(4)(a) requires a trial court to order as a condition of probation that the defendant "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances

which would render a plan of restitution unworkable." "It is clear from the language of the statute that the sentencing court also has substantial discretion when ordering the amount of restitution." *State v. Hinckley*, 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989).

In this case, the trial court found

"[t]hat the defendant, though not encouraging or causing the actions of others with him, did nothing to stop their actions although he was capable of doing so. Similarly, had the defendant not struck the first blow, it is unlikely that the victim would have been in a position in which he could have been kicked by others who accompanied the defendant on that particular evening. Finally, there is no evidence from which the Court could rationally exclude the possibility that the blow by the defendant caused the major injury sustained by the victim. The Court could engage in speculation to the contrary, but is not inclined to do so."

Restitution is appropriate if the trial court finds a causal connection between the crime proved and the damages or loss for which compensation is made. See *State v. Hargis*, 5 Kan. App. 2d 608, 611, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981). Further, the method of determining the amount of any required restitution is a matter within the discretion of the trial court. In this case, the trial court found a causal connection between the defendant's crime and the victim's medical injuries. However, it is clear that the trial court was unable to determine who inflicted what injuries on the victim. Therefore, the trial court did not abuse its discretion in not attempting to apportion restitution among Wells and the other two attackers.

Wells also argues the plan of restitution is unworkable because he has insufficient assets to pay the amount. A review of the record clearly shows that this issue is being raised for the first time on this appeal. We need not consider this issue because a " 'defendant cannot raise points on appeal which were not presented to the trial court.' " *State v. Crawford*, 246 Kan. 231, 234, 787 P.2d 1180 (1990) (quoting *State v. Holley*, 238 Kan. 501, 508, 712 P.2d 1214 [1986]). However, we observe that the defendant would have an opportunity to be heard and to argue that the restitution plan is unworkable at any subsequent revocation of probation hearing. See K.S.A. 1992 Supp. 22-3716; *State v. Duke*, 10 Kan. App. 2d 392, 393, 699 P.2d 576 (1985).

Finally, Wells argues that the 60-day jail sentence and a probation term of 18 months is an abuse of discretion. The 60-day jail sentence and the probation term are within the trial court's statutory authority. K.S.A. 1992 Supp. 21-4502(1)(b) permits a court to sentence a person convicted of a class B misdemeanor to up to six months in jail. K.S.A. 21-4611(2) permits a person convicted of a misdemeanor to be placed on probation for up to two years by the sentencing court. Therefore, the trial court's sentence and terms of probation are not an abuse of discretion and cannot be disturbed on appeal.

We agree with the trial court's result and find the trial court did not abuse its discretion in imposing restitution for the total amount of the victim's injury as a condition of Wells' probation. In addition, the trial court did not abuse its discretion by the sentence it imposed. Therefore, the trial court's sentence of 18 months of probation following a 60-day jail sentence and ordering restitution of $13,961.34 is affirmed.

Affirmed.