[No. A072525. First Dist., Div. Four. Oct. 9, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL E. LYON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1.-4. and 6.

COUNSEL

Howard J. Specter for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

REARDON, J.—Appellant Michael E. Lyon was found guilty by a jury of two counts of embezzlement (Pen. Code, § 504),[1] two counts of grand theft (§ 487, subd. (a)), and one count of unauthorized destruction of computer data (§ 502, subd. (c)(4)). The jury also found true excessive-taking enhancements alleged in connection with the embezzlement and grand theft counts. (§ 12022.6, subd. (b).) He was sentenced to a total term of five years in state prison and ordered to make victim restitution in the amount of $616,602 plus a $200 restitution fine.

The sufficiency of the evidence is not challenged on this appeal. From 1988 through 1993, appellant, as officer manager of Universal Light Source,

---

[1]Section references are to the Penal Code unless otherwise indicated.

a wholesale lighting firm, took money from various company accounts and misapplied the funds to his own use.

Appellant contends: (1) that one count of embezzlement and one count of grand theft must be set aside because his criminal activity constituted a continuing course of conduct against a single victim; (2) that the remaining grand theft conviction must be reversed because it is a lesser and included offense of embezzlement; (3) that the trial court misinstructed the jury on reasonable doubt; (4) that the trial court erred in ordering victim restitution in excess of $10,000 for pre-1990 losses; (5) that the trial court erred by including attorney fees as part of the victim restitution order; and (6) that the trial court lacked authority to impose a $200 restitution fine.

## DISCUSSION

1.-4.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

5. *Legal expenses of the victim as restitution.*

A portion of the amount of restitution ordered included attorney fees paid by the victim. These expenses fell into two categories: (1) fees incurred in successfully resisting appellant's discovery in the criminal case of certain business records of the victim; and (2) fees incurred in successfully preventing disposal of assets by appellant.

With respect to the first category of expenses, the declaration of the victim's attorney states that he was engaged in "repetitive and extensive discovery proceedings" and that he was "required to do significant legal research" to oppose "improper discovery demands, including the demands that my client disclose its State and Federal income tax returns for numerous years, reveal salary records of its employees in violation of their rights to privacy . . . ." The declaration further avers that appellant's trial counsel "was censured by the court and forced to pay sanctions of $3,500.00" as a result of these discovery proceedings. Appellant was given credit for the sanction amount for purposes of restitution.

With respect to the second category of legal expenses, the declaration states that counsel "filed the above referenced civil action against defendant Lyon, recorded the lis pendens against his home and was able to prevent the more than $25,000.00 of his equity from being dissipated by the defendant . . . ."

*See footnote, *ante*, page 1521.

At the restitution hearing, appellant did not object to the reasonableness of the fees. The only objection was stated as follows: ". . . I know of no case which allows them to get civil attorneys [*sic*] fees . . . ."

On appeal, appellant candidly concedes that he has found no case "directly on point" prohibiting restitution for legal expenses incurred by a victim as a result of a defendant's criminal conduct. He argues, however, that such fees "should be awarded, if at all, only in the context of the civil proceedings . . . ."

Article I, section 28 of the California Constitution specifically provides: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b).) Pursuant to this mandate and directive to "adopt provisions to implement this section," the Legislature has acted to provide for victim restitution "for every determined economic loss incurred as the result of the defendant's criminal conduct . . . ." (§ 1202.4, subd. (g); see former Gov. Code, § 13967.) In keeping with the "unequivocal intention" that victim restitution be made, statutory provisions implementing the constitutional directive have been broadly and liberally construed. (See *People v. Phelps* (1996) 41 Cal.App.4th 946 [48 Cal.Rptr.2d 855]; *People v. Whisenand* (1995) 37 Cal.App.4th 1383, 1390 [44 Cal.Rptr.2d 501]; *People v. Nguyen* (1994) 23 Cal.App.4th 32, 42-43 [28 Cal.Rptr.2d 140]; *People v. Baumann* (1985) 176 Cal.App.3d 67, 83 [22 Cal.Rptr. 32].)

### A. *Legal expenses incurred to preserve assets.*

With respect to the legal expenses incurred in preventing the sale of the home in which appellant held a $25,000 equity, we are satisfied that payment of these expenses constitutes an "economic loss incurred as a result of defendant's criminal conduct" and, accordingly, the proper subject of an order of restitution. In short, appellant embezzled in excess of $600,000 from the victim. The response of the victim in attempting to preserve an asset belonging to appellant which would cover a small portion of this actual loss was proper, necessary, and a logical result of appellant's criminal conduct. There being no dispute that the legal expenses incurred to accomplish this objective were reasonable in amount, these expenses were properly included in the order of restitution.

### B. *Legal expenses incurred in opposing defense discovery in criminal proceeding.*

Requiring a criminal defendant to pay the victim's legal expenses incurred in opposing or resisting defense discovery in a criminal proceeding presents, in our view, a different question yielding a different resolution.

Appellant was ordered to pay the legal fees and costs incurred by the victim in employing a private attorney to oppose defense discovery in the criminal case.[3] Although, as heretofore discussed, statutory provisions for victim restitution have been broadly and liberally construed, inclusion of the expenses at issue would require a construction of the statute that ignores its express language. The "economic loss" to the victim must have been incurred "as the result of the defendant's criminal conduct . . . ." (§ 1202.4, subd. (g).) The expense incurred by the victim in retaining private counsel may well be an "economic loss." It is not, however, one that results from "defendant's criminal conduct" but rather from defendant's defense of the criminal charges. Such a loss, therefore, is not included within the language of the statute.

There is an additional reason why this portion of the restitution order must be vacated. Under both the Sixth Amendment of the United States Constitution and article I, section 15 of the California Constitution, a criminal defendant has the right to the effective assistance of counsel. (*In re Marquez* (1992) 1 Cal.4th 584, 602 [3 Cal.Rptr.2d 727, 822 P.2d 435].) To constitute effective assistance "adequate investigation and preparation" by counsel must be undertaken. (*People* v. *Ledesma* (1987) 43 Cal.3d 171, 215 [233 Cal.Rptr. 404, 729 P.2d 839]; see *In re Fields* (1990) 51 Cal.3d 1063, 1079 [275 Cal.Rptr. 384, 800 P.2d 862].) Discovery is a means by which counsel investigates and prepares, and seeking information from the complaining witness and victim of a crime is a logical step in the investigation and preparation process.

Knowledge by counsel that the client, if convicted, could be charged with the costs incurred by the victim in opposing discovery might well adversely affect the manner, extent, and degree of that preparation. In essence, charging a criminal defendant with the victim's costs in resisting discovery could have a chilling effect on the exercise of a constitutional right. To include this type of expense as victim restitution would, in our view, conflict with a defendant's constitutional right to prepare and present a defense by placing an undue burden on counsel's efforts and obligation to provide effective assistance.[4]

Accordingly, that portion of the restitution order that provides for payment by the defendant of the victim's legal expenses in resisting discovery must be set aside.

---

[3]We recognize that this is an unusual case in that defense discovery requests in a criminal proceeding, if opposed, are normally opposed by and through the prosecuting attorney, not private counsel, in which case there are no legal expenses incurred by the victim.

[4]Nothing contained herein prevents a trial court from imposing sanctions for abuse of discovery. Such a sanction was imposed in this case and is not challenged on this appeal.

6. *The $200 restitution fine must be set aside.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## CONCLUSION

The judgment of conviction on counts 1 and 2 is reversed and the restitution fine in the amount of $200 is set aside. The cause is remanded to the trial court for a hearing (1) to determine the amount of the pre-1990 losses and then limiting that amount to $10,000, and (2) to determine the amount of restitution attributable to legal expenses of the victim in opposing discovery and vacating that amount. The total amount of restitution shall be recalculated consistent with this opinion. In all other respects, the judgment of conviction is affirmed.

Poché, Acting P. J., and Hanlon, J., concurred.

---

*See footnote, *ante*, page 1521.