(931 P.2d 1268)
Nos. 75,762
75,763

STATE OF KANSAS, *Appellee,* v. RAYMOND ROTHER, *Appellant.*

Opinion filed February 7, 1997.

*Rhonda Keylon Levinson,* special appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*Mary A. McDonald,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before KNUDSON, P.J., ROYSE, J., and PADDOCK, S.J.

KNUDSON, J.: Raymond J. Rother appeals the district court's order requiring him to pay as court costs the witness fee charged by the State's expert to testify at trial. He does not challenge the reasonableness of the fee. We affirm.

At Rother's probation revocation hearing, the State called an expert witness from a testing laboratory to establish that Rother's urine test was positive for cocaine and marijuana; usage of the drugs constituted a violation of his probation.

"It is well settled in [Kansas] that upon conviction in a criminal action the defendant is liable for the costs made in both the prosecution and defense of the case." *State v. Shannon,* 194 Kan. 258, 263, 398 P.2d 344, *cert. denied* 382 U.S. 881 (1965).

K.S.A. 22-3801(a) specifically requires the district court to charge a convicted defendant with the court costs incurred.

Thus, the issue is whether the fee charged by the State's expert witness to testify falls within the category of court costs to be assessed.

K.S.A. 1995 Supp. 28-172a(d) states: "All other fees and expenses to be assessed as additional court costs shall be approved by the court . . . . Additional fees shall include, but are not limited to . . . witness fees." This statute expressly authorizes a district court to do precisely what was done in this case.

Rother's reliance on *State v. Jones*, 11 Kan. App. 2d 428, 724 P.2d 146 (1986), is misplaced. In *Jones,* the State attempted to recover costs incurred in apprehending five inmates after their escape from the Kansas State Penitentiary at Lansing. The Court of Appeals concluded that investigation expenses by a governmental entity are not recoverable as reparations or restitution under what is now K.S.A. 21-4610(d)(1) or K.S.A. 22-3717(k). Whether a witness fee may be included as court costs under K.S.A. 1995 Supp. 28-172a(d) is a clearly distinguishable issue from that of *Jones.*

We conclude that the district court's allowance of the $479.50 expert witness fee was properly charged as court costs under the statute.

Affirmed.