997 P.2d 1010 (2000)
100 Wash.App. 534
STATE of Washington, Respondent,
v.
Nelson L. CHRISTENSEN, Appellant.
No. 43746-1-I.
Court of Appeals of Washington, Division 1.
April 24, 2000.
*1011 John Quirk, Seattle, for Appellant.
Scott Peterson, Seattle, for Respondent.
BECKER, A.C.J.
Nelson Christensen, formerly a lawyer, was convicted of stealing from his clients. By the time the court held a hearing on restitution, one of the victims had already recovered part of her loss by settling a civil suit against Christensen. The trial court deducted the net amount the victim recovered from the total she had lost, and ordered Christensen to pay the balance. Appealing from the order of restitution, Christensen contends that the court's calculation of the balance effectively required him to pay the victim's attorney fees in the civil suit. We hold that the "American rule" barring recovery of attorney fees in a civil suit does not preclude a court from using a restitution order to make the victim whole in a related criminal case.
Christensen pleaded guilty to eight counts of first degree theft and two count of securities fraud. From one of the victims, Edith Sorenson, Christensen fraudulently took $143,282.81. Sorenson hired an attorney to sue Christensen. She eventually settled with Christensen's malpractice insurance carrier for $105,000. Her attorney deducted $42,381.38 in attorney fees and costs, leaving Sorenson with a net of $62,618.62 from the settlement. Sorenson later received $27,625.56 from the Washington State Bar Association Client Protection Fund. Thus, she recouped a total of $90,244.18.
The trial court ordered Christensen to pay Sorenson $53,038.63. That sum represents *1012 the difference between the amount of her loss and the amount already restored to her.
Christensen appeals from the restitution order. A restitution order is reviewed for abuse of discretion. State v. Davison, 116 Wash.2d 917, 919, 809 P.2d 1374 (1991).
A court's authority to impose restitution in a criminal case is derived solely from statute. State v. Smith, 119 Wash.2d 385, 389, 831 P.2d 1082 (1992). Statutes authorizing restitution should not be given an overly technical construction which would permit the defendant to escape from just punishment. Davison, 116 Wash.2d at 922, 809 P.2d 1374. Although RCW 9.94A.142 does not specifically itemize attorney fees as an element of damage that can be recovered, it does provide that restitution shall be ordered whenever an offense results in loss of property. RCW 9.94A.142(2). The statute provides that restitution "shall be based on easily ascertainable damages". RCW 9.94A.142(1). The award of restitution must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. State v. Blair, 56 Wash.App. 209, 214-15, 783 P.2d 102 (1989).
In this case, Christensen's offense resulted in Sorenson's loss of property in the form of money. Sorenson's damages in the amount of $143,282.81 were easily ascertainable, and were clearly caused by Christensen's offense.
Christensen contends, however, that his restitution obligation should be reduced by the $42,381.83 attributable to Sorenson's attorney fees and costs in the civil suit in which she recovered part of her loss through the settlement funded by Christensen's insurance. He contends the effect of the restitution order is to require him to pay Sorenson's attorney fees, in violation of the rule that attorney fees may not be awarded as part of the costs of litigation unless authorized by statute, contract or a recognized ground of equity. See, e.g., State ex rel. Macri v. City of Bremerton, 8 Wash.2d 93, 113-114, 111 P.2d 612 (1941). This is known as the "American rule" on attorney fees. City of Seattle v. McCready, 131 Wash.2d 266, 274, 931 P.2d 156 (1997).
Whether attorney fees are a proper element of damages in an order of restitution was considered in State v. Martinez, 78 Wash.App. 870, 881, 899 P.2d 1302 (1995), review denied, 128 Wash.2d 1017, 911 P.2d 1342 (1996), a case Christensen cites for support. In Martinez, the defendant was convicted of arson for burning down his own house. The defendant, before he was identified as the arsonist, sued to collect on his insurance, causing his insurance company to incur attorney fees. In ordering restitution in the arson case, the trial court included the insurance company's attorney fees.
The Martinez court reversed the order requiring restitution of the insurance company's attorney fees. One reason was that the fees, incurred to defend against a fraudulent insurance claim, were not sufficiently causally related to the crime of arson. Martinez, 78 Wash.App. at 885, 899 P.2d 1302. That aspect of the court's rationale does not support Christensen's argument, because unlike the insurance company in Martinez, Sorenson is a direct victim of the crime for which restitution is being ordered. In addition, however, the Martinez court supported its decision by applying the "American rule". The court concluded broadly that "attorney fees and costs should not be recoverable as restitution in a criminal case." Martinez, 78 Wash.App. at 885, 899 P.2d 1302. It is that aspect of the Martinez rationale on which Christensen relies.
The Martinez court's discussion of the "American rule" in civil cases was not necessary to justify its result. Because it is dicta, we need not apply it in the present case. We fail to see how a rule designed to regulate recovery of attorney fees in civil cases has any application in deciding an award of restitution in a criminal proceeding.
The "American rule" governing attorney fees only precluded Sorenson from recovering her attorney fees as part of the costs of litigation in her civil suit against Christensen. Because she had to pay attorney fees to get any recovery at all in the civil suit, she remained considerably out of pocket with respect to the funds Christensen stole from her. The trial court, rightly concerned with *1013 making Sorenson whole, ordered Christensen to make up the shortfall. This was not an abuse of discretion under the restitution statute. Sorenson incurred the fees as a direct result of Christensen's offense. See State v. Wilson, 100 Wash.App. 44, 995 P.2d 1260 (2000) (distinguishing Martinez, and holding that a victim may recover attorney fees incurred as a direct result of the crime for which restitution is being ordered). As the trial court explained, Sorenson "would have received zero" without her attorney's efforts.
Affirmed.
ELLINGTON, J., and AGID, J., concur.