### UNITED STATES of America, Plaintiff,

v.

### Lonnie GIBSON and E. Carol Gibson, Defendants.

### No. CRIM.A. 2:99–00092.

United States District Court, S.D. West Virginia, Charleston Division.

April 27, 2000.

L. Anna Crawford, Assistant United States Attorney, Charleston, WV, for plaintiff.

Brian J. Kornbrath, Assistant Federal Public Defender, Michael R. Cline, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

On January 12, 2000, Lonnie and E. Carol Gibson were convicted by a jury of four counts of mail fraud in violation of 18 U.S.C. § 1341, one count of use of fire to commit a federal felony in violation of 18 U.S.C. §§ 844(h)(1) and 2, and two counts of perjury in violation of 18 U.S.C. § 1621. At the sentencing hearing held on April 25, 2000, the defendants objected to the restitution amounts listed in the "Victim Impact Statement" and the "Restitution" section of their Presentence Investigation Reports. The defendants argued, *inter alia*, that the restitution amount cannot include the $9,155.65 spent by State Farm General Insurance Company (State Farm) in defending the underlying civil action brought by the defendants. The court overruled the defendants' objection for the reasons set forth below.

### I.

The defendants' convictions stem from their elaborate scheme to defraud and obtain money from State Farm. As part of that scheme, the defendants removed household furniture and personal belongings from their mobile home. Several days later, on May 27, 1996, the defen-

dants purposefully set their home on fire by cutting large holes in the flooring and placing newspapers, fuel soaked cardboard and tree branches, and other incendiary materials throughout the home. After destroying their home, the defendants attempted to collect on their homeowner's insurance policy issued to them by State Farm. State Farm refused to pay the defendants the policy proceeds, and the defendants sued State Farm in West Virginia state court, alleging that State Farm acted in bad faith in failing to pay the insurance proceeds. State Farm removed the civil action to the United States District Court for the Southern District of West Virginia. The civil jury returned a verdict in favor of State Farm, and the United States Attorney subsequently opened a federal criminal investigation of the defendants. That investigation culminated in the convictions of both defendants for mail fraud, use of fire to commit a federal felony, and perjury for lying under oath in the civil trial.

## II.

■ The Mandatory Victim Restitution Act (MVRA) requires a district court to impose restitution in the full amount of a victim's loss for "an offense against property under [Title 18], including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). The defendants do not contest the application of the MVRA to this case, the characterization of State Farm as a victim of their offenses, or a restitution award to State Farm for the $1,529.50 in living expenses that State Farm paid to the defendants. Rather, the defendants contend that because restitution does not include consequential damages, the restitution award in this case cannot include the costs incurred by State Farm in defending the underlying civil suit.

The defendants cite several cases in support of their position, including *United States v. Mullins*, 971 F.2d 1138 (4th Cir. 1992), and *United States v. Arvanitis*, 902 F.2d 489 (7th Cir.1990). The defendants' reliance on these cases is misplaced. In *Mullins*, the Fourth Circuit held that res-

titution cannot include consequential damages such as legal fees incurred to repossess equipment wrongfully taken by the defendant, investigator's fees expended to track down the equipment, devaluation of the market price of the recovered equipment, and loss of some of the equipment that had been hidden by the defendant. *See Mullins*, 971 F.2d at 1146–47. The Seventh Circuit in *Arvanitis* considered whether a defendant could be required to pay restitution to an insurance company for the legal fees it expended in investigating the defendant's fraudulent insurance claim. *Arvanitis*, 902 F.2d at 497. The court, in ruling in favor of the defendant, stated that "legal fees generated in prosecuting a claim are not recoverable under the [restitution statute]." *Id.*

■ These cases are distinguishable from the case at hand. State Farm did not incur its legal fees in an attempt to repossess the money illegally obtained by the defendants or in an effort to prosecute the defendants for their fraudulent scheme. In fact, the costs expended by State Farm in defending against the defendants' civil suit cannot be deemed consequential. Rather, they were a direct result of the defendants' criminal scheme, which, as explicitly stated in the superseding indictment, included the filing of the civil suit against State Farm. When an indictment specifically defines the scheme, federal courts allow restitution orders that encompass losses resulting from that criminal scheme "regardless of whether the defendant is convicted for each criminal act within that scheme." *United States v. Henoud*, 81 F.3d 484, 488 (4th Cir.1996). It is therefore sufficient that the harm suffered by State Farm was a direct result of the defendants' criminal conduct or was "closely related to the [defendants'] scheme," regardless of whether the superseding indictment precisely states the amount of loss suffered by State Farm. *Id.* (quoting *United States v. Kones*, 77 F.3d 66, 70 (3d Cir.1996)).

**564**

In the criminal trial, the jury implicitly found the existence of the defendants' criminal scheme based upon its guilty verdict for the counts of mail fraud, use of fire to commit a federal felony, and perjury. The lawsuit against State Farm and the other "acts comprising the scheme to defraud therefore constitute the conduct underlying the offense of conviction and establish 'the outer limits of [the] restitution order.'" *Henoud,* 81 F.3d at 489 (quoting *United States v. Stouffer,* 986 F.2d 916, 928 (5th Cir.1993)). This court therefore has the "authority to order restitution for the losses by the entire fraud scheme, not merely for the losses caused by the specific acts of fraud proved by the government at trial." *Henoud,* 81 F.3d at 489 (quoting *United States v. Brothers,* 955 F.2d 493, 497 (7th Cir.1992)).

The court finds that it has the authority to include in the restitution order the costs incurred by State Farm in defending the civil suit filed by the defendants. These costs were the direct result of the defendants' scheme and should be recoverable in a restitution order because they were "sustained by [State Farm] as a result of the offense." *United States v. Patty,* 992 F.2d 1045, 1049 (10th Cir.1993). The defendants' objection is **OVERRULED.**

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.