(29 P.3d 989)

No. 85,131

STATE OF KANSAS, *Appellee*, v. HEATHER D. BAUSCH, *Appellant*.

Opinion filed August 17, 2001.

*Kathryn B. Wall* and *Corey A. Kaul*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Robert D. Hecht*, district attorney, *Deborah L. Hughes*, assistant district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., GERNON, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

MARQUARDT, J.: Heather D. Bausch appeals her sentence and the trial court's order that she pay restitution.

In February 1999, Bausch was charged with 4 counts of felony theft, 1 count of felony theft of services, 1 count of misdemeanor use of a financial card, and 16 counts of misdemeanor theft. While employed with Reliable Car Shop, Inc. (Reliable), Bausch accepted cash payments from customers which were never deposited in the bank.

Bausch pled no contest to two counts of felony theft over $500. Bausch was sentenced to 24 months' probation with an underlying prison term of 7 months. The victim requested restitution in the amount of $11,053.33, which included expenses for consultations with a tax attorney, photocopying, parking, Bausch's use of the victim's cellular telephone, and time spent auditing business accounts. The trial court ordered restitution in the amount of $11,530.33.

Bausch filed a motion to modify the amount of restitution. Following a hearing, the trial court modified the restitution order to allow for the amount of the theft, photocopies, and 90 hours of labor at $15 per hour. The trial court did not allow restitution for tax attorney fees, parking, and cell phone use. Bausch filed an untimely notice of appeal with this court; however, her appeal was retained.

On appeal, Bausch contends that the trial court erred when it ordered her to pay restitution for the costs of the victim's photocopies and $15 per hour for 90 hours of labor for the audit. Bausch does not dispute that she owes the $7,761.33 she embezzled from Reliable.

The trial court has considerable discretion in determining the amount of restitution to be ordered. The trial court has abused its discretion when no reasonable person would take the view adopted by the trial court. *State v. Ball*, 255 Kan. 694, 702, 877 P.2d 955 (1994).

"In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:

"(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2000 Supp. 21-4610(d).

Bausch relies on *State v. Jones*, 11 Kan. App. 2d 428, 724 P.2d 146 (1986), to support her argument. In *Jones*, this court held that a trial court may not require a defendant to reimburse the State for investigation expenses. 11 Kan. App. 2d at 430.

Restitution is meant to compensate the victim and serve the functions of deterrence and rehabilitation of the guilty. *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999). Kansas appellate courts have not addressed the validity of a restitution order which reimburses the victim for the costs of auditing. However, other jurisdictions have addressed this exact question.

In *State v. Johnson*, 69 Wash. App. 189, 847 P.2d 960 (1993), the defendant embezzled money while employed at an auto body

shop. She was charged with one count of first-degree theft. The trial court ordered the defendant to pay $2,700 for an audit of business records. The appellate court found that the cost of investigating the business records was a reasonable consequence of the defendant's crime. 69 Wash. App. at 193; see *State v. Wilson*, 100 Wash. App. 44, 46, 50, 995 P.2d 1260 (2000).

Amy Herrick, one of the owners of Reliable, is a financial planner who also serves as the bookkeeper for Reliable. Herrick informed the trial court that law enforcement officials told her an audit would be needed.

Herrick had to research Bausch's theft by documenting the days Bausch worked, compiling all transactions for that day, and comparing that information to Bausch's activity in preparing bank deposits and credit card transactions. Herrick had to look through vault records, speak with a tax attorney and bank employees, telephone the credit card clearing company, and make photocopies of documents. Herrick requested compensation for 160 hours of work at $15 per hour.

It is clear that Herrick would not have had to incur these costs but for Bausch's theft. Accordingly, we believe that the trial court appropriately allowed restitution for the cost of the audit.

Bausch also complains that the State failed to present adequate evidence of the audit and photocopy expenses.

Herrick admitted that she could "only estimate" the time spent investigating Bausch's theft. Herrick explained that she had some handwritten notes documenting her time but there were no official billing statements.

Time spent on the audit was not well documented; however, we are not prepared to find that the trial court abused its discretion by awarding 90 hours of labor at $15 per hour when Herrick requested compensation for 160 hours of work.

We hold that the trial court did not abuse its discretion by ordering Bausch to pay the costs of the audit as part of the restitution when it is the reasonable consequence of Bausch's crime. Bausch's arguments to the contrary are not persuasive.

Affirmed.