(42 P.3d 182)

No. 86,852

STATE OF KANSAS, *Appellee*, v. NICHOLAS D. COX, *Appellant*.

—

Opinion filed March 15, 2002.

*Patrick H. Dunn*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Edward C. Hageman*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., KNUDSON, J., and WAHL, S.J.

WAHL, J.: Nicholas D. Cox was convicted of felony criminal damage to property and ordered to pay restitution as a condition of probation. He appeals the restitution order.

Cox entered a plea of guilty to criminal damage to property, a severity level 9 felony. The property was owned by Floyd Van Loenen. As a part of the plea agreement, the State dismissed two counts of arson, both severity level 7 felonies, and one count of misdemeanor theft. Cox also agreed to pay restitution in the amount of $200 to George D. Whisman for the damage to his pasture and trees that was caused by the fire started by Cox and

his companion. Under the Kansas Sentencing Guidelines Act (KSGA), Cox's presumptive sentence was probation.

The trial court began sentencing after accepting Cox's plea when the State told the court the amount of restitution for Van Loenen's damages was not completed. The court granted Cox probation for a 12-month period with an underlying prison term of 6 months and ordered Cox to pay restitution to Van Loenen and Whisman. If the parties could not agree upon an amount of restitution, a hearing would be set.

At the restitution hearing, the trial court ordered Cox to pay the following restitution amounts to Van Loenen jointly and severally with the codefendant:

| | |
|---|---:|
| Tractor (fair market value) | $ 8,750.00 |
| Lost work | 1,810.00 |
| Miscellaneous expenses | 420.65 |
| Van Loenen's private attorney fee | 700.00 |
| | $11,680.65 |

The trial court also ordered Cox to pay interest on the restitution amount at the statutory rate of 10% per annum. Cox was ordered to pay $200 per month until the restitution was paid in full. Cox appeals from the restitution order.

On appeal, Cox challenges only Van Loenen's private attorney fee included in the restitution order. He maintains the trial court lacked authority to impose restitution for the fee. The remaining portions of the restitution order are deemed abandoned on appeal. An issue that was addressed to the trial court but not briefed on appeal is deemed abandoned. *State v. Patterson*, 262 Kan. 481, 483, 939 P.2d 909 (1997).

When sentencing a defendant to a nonprison sentence, K.S.A. 2001 Supp. 21-4610(d)(1) provides that the trial court shall order the defendant to comply with a probation condition for "reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, . . . unless the court finds compelling circumstances which would render a plan of restitution unworkable." That statute requires the trial court to order restitution for the offense; however, the trial court has considerable discretion in

determining the amount of restitution. *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999). The purpose of restitution is to compensate the victim and to deter and rehabilitate the defendant. Restitution imposed as a condition of probation is an option which the defendant may exercise to avoid serving a prison sentence. 266 Kan. at 1075-76.

Cox contends the attorney fee is unreasonable because the only services provided by the attorney was totaling Van Loenen's receipts. Van Loenen testified he had not been in court before and was not familiar with court procedures. He retained an attorney to get advice on what to do. At the time of the hearing, Van Loenen's attorney fee totaled $700.

The record is very limited on what services Van Loenen's attorney did provide. The district court file includes a letter written by the attorney to the defendants' attorneys and the trial court. He stated he and Van Loenen had been to a court hearing in early October and agreed to give the final amount Van Loenen would be requesting for reimbursement. He also stated the restitution amount requested was $15,302.24 and the supporting documentation was available. The county attorney appeared at all hearings on behalf of the State. There is nothing in this record to indicate what Van Loenen's attorney did, when he did it, the time he spent doing it, or his hourly fee for doing it. There is no finding by the court that the fee was reasonable or necessary. It appears Van Loenen retained the attorney to determine and document Van Loenen's damages.

Cox argues the legal expenses incurred by Van Loenen to determine his damages are analogous to investigation costs incurred by a governmental entity, which are not recoverable as restitution under K.S.A. 2001 Supp. 21-4610(d)(1). As authority, he cites *State v. Rother*, 23 Kan. App. 2d 443, 931 P.2d 1268, *rev. denied* 261 Kan. 1088 (1997), and *State v. Jones*, 11 Kan. App. 2d 428, 724 P.2d 146 (1986).

In *Jones*, the State requested restitution for the expenses it incurred in capturing the defendant after he had escaped. The court held that K.S.A. 21-4610(4)(a) (Ensley 1981) did not authorize restitution for the State's expenses in recapturing prisoners. 11 Kan.

App. 2d at 430-31. The *Rother* court referred to the holding in *Jones*, but held the trial court had authority under K.S.A. 28-172a(d) to order the defendant to pay as costs the State's expert witness fees. 23 Kan. App. 2d at 444.

Based upon the record, Van Loenen's attorney did not act as prosecutor, assistant prosecutor, or special prosecutor, and the State's attorney did not relinquish his prosecutorial duties to Van Loenen's attorney. The attorney was hired by Van Loenen to act as his privately retained attorney and maintained his allegiance to Van Loenen and not the State. The attorney fee was an expense incurred by Van Loenen and not the State.

Certainly, Van Loenen was entitled to retain private counsel if he so desired. We are left to wonder why he did not go to the county attorney, who had to be cognizant of the amount of Van Loenen's damages in order to file the case. It has always been the duty of the county attorney as part of his prosecutorial duties to compile a victim's losses in order to advise the court on matters of restitution. To take this process from the county attorney impinges upon the independence of the prosecutor and opens the door to the possibility of considerable abuse. The county attorney acts on behalf of the State. Private counsel acts on behalf of his client. Van Loenen was not a party in the criminal case and his attorney was not representing a party in the criminal case. Van Loenen sought independent legal advice on what damages he could recover and how to recover those damages. Van Loenen's attorney fee was incurred after Cox's criminal acts, but not as a direct result of those acts.

We are aware that another panel of this court considered this same issue in the appeal of Cox's codefendant. *State v. Hunziker*, 30 Kan. App. 2d 279, 41 P.3d 880 (No. 86,861 filed Feb. 22, 2002). That panel held: "Van Loenen's retaining of an attorney to determine and to document Van Loenen's damages was a reasonable and logical result of Hunziker's criminal conduct." 30 Kan. App. 2d at 286. That panel allowed Van Loenen's private attorney fee as restitution. With due respect for the reasoning of our colleagues, we have reached a different conclusion.

In Kansas, restitution orders for a victim's damages are dependent upon the causal link between the victim's damages and the defendant's unlawful conduct. *State v. Beechum*, 251 Kan. 194, 202-03, 833 P.2d 988 (1992) (causal connection existed between defendant's murdering his ex-wife and the father's lost wages and airfare expenses he incurred to accompany the victim's son to New York to live with him); *State v. Wells*, 18 Kan. App. 2d 735, 736-37, 861 P.2d 828 (1993) (causal connection existed between victim's medical expenses and the defendant's battery when he acted in concert with others); *State v. Hargis*, 5 Kan. App. 2d 608, 611, 620 P.2d 1181 (1980), *rev. denied* 229 Kan. 671 (1981) (causal connection existed between defendant's unlawful possession of a firearm and victim's wounds when defendant's gun discharged). Causation is the focus for restitution orders.

While Kansas appellate courts do not appear to have considered this question, it has been before the Tenth Circuit Court of Appeals and other federal courts. The federal decisions are not much help here because their decisions are controlled by the Victim and Witness Protection Act of 1982 (VWPA). 18 U.S.C. § 3663 and 3664 (2000).

The VWPA has a very specific provision regarding the damage, destruction, or loss of property for which restitution can be ordered. Attorney fees are generally not reimbursed by the federal courts. But see *U. S. v. Gibson*, 92 F. Supp. 2d 562, 564 (S.D.W. Va. 2000), *aff'd* 238 F.3d 416 (4th Cir. 2000) (under 18 U.S.C. § 3663A(c)(1)(A)(ii) (2000), the insurance company's attorney fee in defending against defendants' fraudulent claim in a civil suit were held to be the direct result of defendants' fraudulent scheme and recoverable).

Other states have determined proximate causation existed between the victim's attorney fees and the offense and affirmed such restitution orders under their statutes. In *People v. Lyon*, 49 Cal. App. 4th 1521, 57 Cal. Rptr. 2d 415 (1996), the defendant was convicted of embezzlement, grand theft, and unauthorized destruction of computer data. The statute authorized "economic loss incurred as a result of defendant's criminal conduct." 49 Cal. App. 4th at 1525. The trial court's restitution order included the victim's

attorney fees for obtaining a civil judgment against the defendant and recording the lis pendens against defendant's home to prevent disposal of his equity. The court held the victim's response to preserve the defendant's assets and recover a portion of losses was a necessary and logical result of the defendant's criminal conduct. The fees were properly included in the restitution order. 49 Cal. App. 4th at 1525.

Pennsylvania has two statutes authorizing restitution in a criminal case. One authorizes restitution as a part of the defendant's sentence or as a condition of probation but only for the victim's direct loss of property or personal injuries and does not include a victim's private attorney fee. 18 Pa. Cons. Stat. § 1106 (2000). Under 42 Pa. Cons. Stat. § 9754 (2000), restitution is provided as a condition of probation. The restitution is aimed at rehabilitating and reintegrating the defendant into society. In *Com. v. Harner*, 533 Pa. 14, 617 A.2d 702 (1992), the defendant was convicted of interference with custody when she took her children to Louisiana without consulting their father who had legal custody. The father incurred expenses for private investigators, legal fees, and traveling to Louisiana to find and regain custody of the children. The trial court had ordered the defendant to pay the father's expenses, including attorney fees, as restitution. The order was affirmed because the trial court stated the restitution was ordered to rehabilitate the defendant. 533 Pa. at 22.

In *People v. Wright*, 18 P.3d 816 (Colo. App. 2000), *cert. denied* Feb. 20, 2001, the defendant was convicted of defrauding a secured creditor. The creditor recovered the property in a replevin action. The trial court ordered the defendant to pay restitution for the creditor's attorney fee for the replevin action. The court concluded that the creditor's expenses in recovering his collateral were the direct result of defendant's fraudulent act of selling the collateral; thus, the expenses were properly awarded as restitution. 18 P.3d at 818.

In *Arling v. State*, 559 So. 2d 1274 (Fla. Dist. App. 1990), the court held it was reasonably foreseeable to a person who deals in stolen property that his or her acts may result in a third party filing litigation to determine the rightful owner of that property. It af-

firmed the trial court's decision to causally relate the store's attorney fees to the criminal offense. 559 So. 2d at 1275-76.

In *State v. Christensen*, 100 Wash. App. 534, 997 P.2d 1010 (2000), the defendant, a former lawyer, was convicted of stealing from his clients. One victim recovered part of her loss by retaining an attorney and settling with the defendant's malpractice insurance carrier. Her attorney deducted his fee from the settlement. The trial court ordered the defendant to pay a restitution amount that included the victim's attorney fees. The court found that a restitution order must be based on a causal relationship between the offense charged and proved and the victim's losses or damages. The court stated the victim had to pay attorney fees as part of the costs in her civil suit against the defendant in order to get any recovery. She still had not recovered all of the funds defendant stole from her. The court held the victim's attorney fees were a direct result of defendant's offense and affirmed the restitution order. 100 Wash. App. at 538.

In Kansas, K.S.A. 2001 Supp. 21-4603d concerns dispositions for crimes committed after the enactment of the KSGA. The trial court can grant probation if probation is the presumptive sentence under the guidelines for the offense of conviction. K.S.A. 2001 Supp. 21-4603d(a)(3). In addition to or in lieu of other probation conditions, the trial court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime . . . ." K.S.A. 2001 Supp. 21-4603d(b)(1).

In *State v. Bausch*, 29 Kan. App. 2d 649, 29 P.3d 989, *rev. denied* 272 Kan. 1420 (2001), the defendant was convicted of felony and misdemeanor theft and unlawful use of a financial card. The law enforcement officials told the victim an audit would be needed. In its restitution order, the trial court included the amount of the theft and the victim's expenses for photocopying and auditing its business accounts. The court noted the victim "would not have had to incur these costs but for [defendant's] theft." 29 P.3d at 990. The restitution order was affirmed. 29 P.3d at 991.

Criminal cases in which private attorney fees have been allowed in restitution orders are primarily crimes such as embezzlement,

theft, destruction of computer data, and fraud of funds. The loss in these types of property crimes may not be readily apparent because the defendant's conduct involved concealing, altering, or destroying the records of the funds. The necessity to find or trace the property in a separate action was the direct result of the defendant's criminal offense. Here, Cox did not take the property or conceal the property. Van Loenen's attorney did not assist in finding the property or tracing the loss of the property to Cox.

To inject private counsel fees into the consideration for restitution in criminal cases will place an unnecessary burden on the trial court to determine the necessity of the fee and the reasonableness of the fee. To burden the prosecutor with private counsel advocating the victim's cause in areas which the prosecutor has made or will make an unbiased determination is without reason.

The fee of $700 allowed as restitution accomplished nothing insofar as the prosecution of Cox was concerned. It has no causal connection to the crime of criminal damage to property. The order allowing it is reversed.

Cox argues the trial court erred because it failed to consider his financial resources and liabilities prior to determining the amount of restitution payments.

Cox told the trial court he was employed at Hays International Mailing working 35 hours a week at $7 per hour. He said he had child support obligations but he did not state the amount. The record shows Cox filed an application for a court-appointed attorney and the trial court appointed an attorney for him. Cox's application showing his finances is not in the record on appeal, hence, the trial court had more information about Cox's financial resources and obligations than this court has.

Cox did not argue to the trial court that its restitution plan was unworkable. When the defendant does not challenge the restitution plan before the trial court, the issue is not preserved for appeal. *Wells*, 18 Kan. App. 2d at 737.

A trial court may modify probation conditions after giving notice to the court services officer or the community correctional services officer and an opportunity for such officer to be heard thereon. K.S.A. 2001 Supp. 21-4610(b). *State v. Schulze*, 267 Kan. 749, 753,

985 P.2d 1169 (1999). A defendant also has the right to be heard and to argue the restitution plan is unworkable at any subsequent hearing for probation revocation. K.S.A. 2001 Supp. 22-3716(b); *Wells*, 18 Kan. App. 2d at 737. The court did not err in setting restitution payments.

Affirmed in part and reversed in part.