NOT DESIGNATED FOR PUBLICATION

No. 115,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMAL L. BERRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed July 14, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellants.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

*Per Curiam*: Jamal L. Berry appeals the district court's order directing him to pay $40,618.23 in restitution. Berry argues the court abused its discretion by ordering him to pay this amount in light of compelling circumstances that rendered the order of restitution unworkable. But Berry failed to make this argument to the district court; thus, he has failed to preserve it for appeal. Accordingly, we affirm.

1

On June 11, 2014, the State charged Berry with three counts of burglary, one count of felony theft, and two counts each of computer crime, identity theft, and criminal damage to property. Pursuant to a plea agreement, the State agreed to dismiss one count of burglary and one count of criminal damage to property in exchange for Berry's guilty pleas to the remaining charges. Under the terms of the agreement, Berry agreed to pay restitution "for losses & damages incurred by the victims . . . in an amount **no less than**" approximately $38,566.18. The district court accepted Berry's pleas and found him guilty.

The case proceeded to sentencing, where the district court sentenced Berry to a 24-month term of probation with an underlying prison term of 36 months. In addition, the court ordered Berry to pay restitution in the amount of $40,618.23 to various victims of his crimes as well as fees and costs in the amount of $1,418. Berry timely appealed.

On appeal, Berry argues the district court abused its discretion in ordering him to pay such a large amount of restitution in addition to fees and costs, claiming the order will present a hardship due to the fact that he is indigent and is unlikely to earn any significant income given his convictions and the terms of his probation. Berry suggests that the district court should have declined to order restitution based on its own finding, without formal prompting from either party, that a workable plan for restitution did not exist.

A district court shall order a defendant "to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2016 Supp. 21-6604(b)(1). We review an order of restitution for an abuse of discretion. *State v. Hall*, 297 Kan. 709, 711, 304 P.3d 677 (2013). Judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of

discretion bears the burden of showing such abuse. *State v. Martis*, 277 Kan. 267, 280, 83 P.3d 1216 (2004).

Berry's challenge to the district court's restitution order fails because he did not challenge the order below. Berry had the burden to provide the district court with evidence that the restitution order was unworkable. See *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). But Berry did not object to its inclusion in the plea agreement; in fact, he agreed to pay restitution "in an amount no less than" approximately $38,566.18. Nor did Berry make any argument or present any evidence at sentencing that the order of restitution would be unworkable. To the contrary, defense counsel argued not for a reduction of the restitution amount but instead argued for a reduction of the amount that Berry was ordered to reimburse the Kansas Board of Indigents' Defense Services in light of the restitution order. Our Supreme Court and this court consistently have held that defendants who fail to argue before the district court that a restitution order is financially unworkable fail to preserve that issue for appeal. See *State v. Shank*, 304 Kan. 89, 94, 369 P.3d 322 (2016); *State v. King*, 288 Kan. 333, 353-54, 204 P.3d 585 (2009); *State v. Hunziker*, 274 Kan. 655, 669, 56 P.3d 202 (2002); *State v. Cox*, 30 Kan. App. 2d 407, 414, 42 P.3d 182 (2002); *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993). Given that Berry failed to raise the issue before the district court, he has failed to preserve this argument for appeal.

Moreover, although exceptions to the general rule that an issue not raised below may not be asserted for the first time on appeal exist, Berry has not raised one of those exceptions. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (listing exceptions permitting review of new issues on appeal). In fact, it appears Berry fails to even recognize that he is raising the issue for the first time on appeal. Under Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), an appellant must explain why an issue that was not raised below should be considered for the first time on appeal. When defendants fail to comply with this rule, their argument is improperly briefed and

3

therefore abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] will henceforth be strictly enforced). Consequently, in addition to failing to preserve his argument for appeal, Berry has failed to comply with Supreme Court Rule 6.02(a)(5); thus, we also determine that Berry has abandoned his argument.

Affirmed.