(155 P.3d 739)
No. 96,361

STATE OF KANSAS, *Appellee,* v. JONAS COLE, *Appellant.*

Opinion filed April 13, 2007.

*Jennifer E. Conkling,* of Kansas Appellate Defender Office, for appellant.

*Ellen H. Mitchell,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before BUSER, P.J., GREEN and MARQUARDT, JJ.

GREEN, J.: Jonas Cole appeals the trial court's order of restitution and the trial court's order requiring him to reimburse the Board of Indigents' Defense Services (BIDS) in his criminal case. First, Cole argues that the trial court abused its discretion in ordering restitution when the amount was not based on reliable evidence. We agree. An order of restitution must be based on reliable evidence that yields a defensible restitution figure. Because there is no evidence in the record to support the amount of restitution

ordered in this case, we reverse the restitution order and remand for further proceedings on this issue. Next, Cole argues that the trial court, when ordering restitution under K.S.A. 2006 Supp. 21-4610(d)(1), was required to find that he had the ability to pay the restitution amount. Nevertheless, K.S.A. 2006 Supp. 21-4610(d)(1) imposes no requirement on the trial court to independently consider a defendant's financial circumstances before ordering restitution. Therefore, Cole's argument lacks merit.

Finally, Cole contends that the trial court erred in ordering him to reimburse BIDS fees without considering his ability to pay, the financial burden that payment would impose, and the validity of the fees. We agree. Based on our Supreme Court's decision in *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), we reverse the BIDS fees order and remand the case for resentencing for the trial court to consider the financial resources of Cole and the nature of the burden the payment of BIDS fees would impose on Cole. Accordingly, we reverse and remand for further proceedings on the amount of restitution owed by Cole and for resentencing in accordance with *Robinson*.

In September 2005, Cole applied for general and cash assistance from the State of Kansas, Department of Social and Rehabilitation Services (SRS), representing that he was a hurricane victim and had arrived in Salina on September 5, 2005. In reality, Cole had been staying in Salina since July 2005 and worked in Salina from July 2005 to October 2005. Nevertheless, he failed to disclose his employment and income on the SRS application. Cole also applied for financial assistance through the Federal Emergency Management Association (FEMA) and the Salina Office of the American Red Cross.

Cole pled guilty to making a false writing in violation of K.S.A. 2006 Supp. 21-3711 based on his application with SRS. The State dropped two other charges against Cole. As part of his plea, Cole agreed "to pay back any monies owed to the SRS and determined owing to FEMA." At the plea hearing, the prosecutor informed the trial court that Red Cross was the agency that processed the FEMA benefits.

At sentencing, the prosecutor asked the trial court to impose a restitution order of $320 for the money given to Cole by Red Cross; $1,540 for the assistance furnished by SRS; and $9,653.76 for the money furnished by FEMA. The trial court ordered Cole to pay the restitution requested by the State, a total of $11,513.76. Cole was also ordered to reimburse BIDS $440 plus its administrative fee. The trial court sentenced Cole to 18 months on probation.

*Restitution*

First, Cole argues that the trial court abused its discretion in ordering him to pay restitution to FEMA, SRS, and Red Cross because the amount was not based on reliable evidence. "The amount of restitution and manner in which it is made to the aggrieved party is to be determined by the court exercising its judicial discretion and is subject to abuse of discretion review. [Citation omitted.]" *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002).

When Cole entered his guilty plea, he agreed to make restitution in any amount owed to SRS and FEMA. The prosecutor informed the trial court that Cole might be entitled to some of the money he received from FEMA because Cole's family lived in the area where the hurricane struck and because Cole had some personal property there. Before sentencing, the State sent defense counsel a notice of restitution that set forth the amounts of restitution that it would be seeking from Cole.

At sentencing, defense counsel argued that there was still an issue as to the amount of restitution owed. Defense counsel asked the trial court to continue the matter "so that we can either have a restitution hearing or have people here to say what is owed." Defense counsel argued that FEMA had admitted that Cole had a right to money for his lost personal property and perhaps for rental allowance. Although defense counsel acknowledged that Cole had admitted that he owed SRS for the assistance he received, he indicated that the amount Cole admitted to owing SRS was $697 for food stamps. The prosecutor asked the trial court to order restitution of $320 to Red Cross in Salina; $1,540 to SRS; and

$9,653.76 to FEMA. The trial court ordered Cole to pay the restitution requested by the State in the amount of $11,513.76.

The State maintains that this court's review on this issue should be limited to the amount owed to FEMA for property loss because Cole did not object at sentencing to paying restitution to SRS or Red Cross or to FEMA for emergency assistance. The State cites *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998), where our Supreme Court stated: " 'An issue not presented to the trial court will not be considered for the first time on appeal.' [Citations omitted.]"

A review of the sentencing transcript reveals that Cole's objection to restitution was based primarily on the amount owed to FEMA. Cole did not specifically raise any arguments concerning the amounts owed to Red Cross and SRS. Nevertheless, Cole did ask the trial court to continue the matter to hold a restitution hearing or to allow witnesses to speak on the amount of restitution owed. The trial court denied Cole's request and ordered restitution even though the State failed to present any evidence on the amount of restitution owed. Cole's request is sufficient to preserve his argument that no evidence was presented on the issue of restitution.

Recognizing that a trial court's determination of restitution must be based on reliable evidence yielding a defensible restitution amount, our Supreme Court in *Hunziker*, 274 Kan. 655, Syl. ¶ 3, stated:

"Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure. A victim of a property crime is entitled to restitution only up to the amount of his or her loss."

Here, there was no evidence presented at the plea hearing or the sentencing hearing concerning the amount of money that Cole received from FEMA, SRS, or Red Cross. We point out that although defense counsel appeared to stipulate at the sentencing hearing that Cole owed $697 to SRS for loss of food stamps, the amount of restitution ordered to be paid to SRS was $1,540. The trial court's order of restitution to FEMA, SRS, or Red Cross appears to be based on the prosecutor's representations of the

amounts Cole received from these agencies. Statements of counsel are not evidence. See *State v. Reser*, 244 Kan. 306, 316, 767 P.2d 1277 (1989). There is no evidence in the record to support the trial court's determination of the amount of restitution. The trial court's entry of the order of restitution without any evidence to support it constitutes an abuse of discretion. Therefore, the trial court's order of restitution must be reversed and the case remanded for further proceedings on the issue of restitution.

Because this case is being remanded for further proceedings on the issue of restitution, it is important to point out the impact that our Supreme Court's decision in *State v. Dexter*, 276 Kan. 909, 80 P.3d 1125 (2003), might have on an order of restitution in this case. In *Dexter*, our Supreme Court held:

"A district court, when sentencing a defendant to probation, may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted unless, pursuant to a plea bargain, the defendant has agreed to pay for losses not caused directly or indirectly by the defendant's crime." 276 Kan. 909, Syl. ¶ 3.

Here, Cole pled guilty to and was convicted of making a false writing based on his application for assistance with SRS. As part of his plea bargain, Cole agreed to pay restitution of any money owed to SRS and FEMA. Nevertheless, Cole never agreed as part of his plea bargain to pay restitution to Red Cross for money it furnished him. In fact, at the plea bargain hearing, the trial court asked the prosecutor if Red Cross, the organization that had been named in one of the dismissed charges, was entitled to any restitution. The prosecutor stated: "No, they processed, they were the agent through which FEMA paid the benefits." Nevertheless, at sentencing, the prosecutor requested restitution of $320 to the Red Cross in Salina for the money that Red Cross had given Cole "under a program to help somebody who needed emergency assistance." This amount was included in the trial court's order of restitution. This money was in addition to the $9,653.76 restitution that the State requested and that the trial court ordered for the money paid by FEMA. Based on the plea agreement and Cole's conviction in this case, it seems that the trial court was limited to ordering restitution to FEMA and SRS.

Next, Cole argues that when ordering restitution under K.S.A. 2006 Supp. 21-4610(d)(1), the trial court needed to find that Cole had the ability to pay the restitution amount. Cole's argument requires interpretation of K.S.A. 2006 Supp. 21-4610(d)(1). The interpretation of a statute presents a question of law over which an appellate court has unlimited review. An appellate court is not bound by the trial court's interpretation. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

K.S.A. 2006 Supp. 21-4610(d) states in relevant part:

"In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:

"(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor."

In *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 (2003), our Supreme Court considered a similar restitution provision under K.S.A. 2002 Supp. 21-4603d(b)(1), which required restitution "unless" the court found a plan of restitution unworkable. Moreover, just like the restitution provision under K.S.A. 2006 Supp. 21-4610(d)(1), K.S.A. 2002 Supp. 21-4603d(b)(1) stated: "If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor." Our Supreme Court stated: "The design of this provision makes clear that restitution is the rule and a finding that restitution is unworkable the exception. It also leads us to conclude that it is a defendant's burden to come forward with evidence of his or her inability to pay." 276 Kan. at 583.

Similarly, under K.S.A. 2006 Supp. 21-4610(d)(1), the trial court is required to order the defendant to pay restitution "unless the court finds compelling circumstances which would render a plan of restitution unworkable." The language of K.S.A. 2006 Supp. 21-4610(d)(1) reveals that restitution is the rule and a finding that compelling circumstances exist that would make the plan of restitution unworkable the exception. Moreover, this language leads to

the conclusion that the defendant has the burden to come forward with evidence of his or her inability to pay the restitution. K.S.A. 2006 Supp. 21-4610(d)(1) imposes no requirement on the trial court to independently consider the defendant's financial circumstances before ordering restitution.

As the State points out, there was no evidence presented to the trial court that the restitution plan was unworkable. Cole never even argued to the trial court that his financial circumstances prevented him from paying the amount of restitution requested by the State. The trial court did not err in failing to make a finding concerning whether the restitution plan was workable based on Cole's financial circumstances.

Nevertheless, citing the Tenth Circuit Court of Appeals decision in *United States v. Williams*, 996 F.2d 231 (10th Cir. 1993), Cole maintains that this court should follow the analysis of the federal courts that have interpreted the federal restitution statute. The federal restitution statute considered in *Williams*, however, specifically required the court to consider " 'the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.' " 996 F.2d at 233 (quoting 18 U.S.C. § 3663). Because no such requirement exists in K.S.A. 2006 Supp. 21-4610(d)(1), the analysis in *Walker* requiring the court to consider the defendant's financial assets and earning potential has no application here.

*BIDS Fees*

Finally, Cole argues that the trial court erred in ordering him to reimburse BIDS for attorney fees without considering his ability to pay, the financial burden that payment would impose, and the validity of the fees. Cole's argument on appeal concerns the reimbursement of attorney fees under K.S.A. 2006 Supp. 22-4513 and does not extend to the application fee under K.S.A. 2006 Supp. 22-4529.

The State concedes that based on our Supreme Court's recent decision in *Robinson*, 281 Kan. 538, this case should be remanded to the trial court for consideration of Cole's financial ability to re-

imburse BIDS fees. In *Robinson*, 281 Kan. 538, Syl. ¶ 1, our Supreme Court held: "A sentencing court assessing fees to reimburse the Board of Indigents' Defense Services under K.S.A. 2005 Supp. 22-4513 must consider on the record at the time of assessment the financial resources of the defendant and the nature of the burden that payment of the fees will impose." We are duty bound to follow our Supreme Court precedent, absent some indication that the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). Because the trial court in this case never considered on the record at the time of assessing BIDS fees the financial resources of Cole and the nature of the burden that payment of the fees would impose on Cole, we remand for resentencing in accordance with *Robinson*.

Reversed and remanded for further proceedings on the amount of restitution owed by Cole and for resentencing in accordance with *Robinson*.