NOT DESIGNATED FOR PUBLICATION

No. 112,962

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARASELY DURON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed February 26, 2016. Vacated and remanded.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and POWELL, JJ.

POWELL, J.: For the first time on appeal, Arasely Duron challenges the restitution portion of her sentence, claiming the district court erred in imposing restitution for medical expenses totaling $27,860.90 without any evidence to support such a figure. Because we agree that some evidence is required to support restitution, we must vacate the district court's restitution order and remand for further proceedings.

On June 30, 2014, Duron entered a no contest plea to robbery and reckless aggravated battery. However, she did not agree to pay any restitution as part of the plea agreement even though the victim suffered severe injuries that required hospitalization.

1

At her sentencing hearing, the State requested restitution in the amount of $27,860.90 to be paid to Salina Regional Health Center for medical expenses incurred by the victim. The State did not provide the court with documentation of these medical expenses, but the prosecutor stated that the restitution was "solely for the medical expenses incurred by [the victim] for the injuries in this case." Duron's counsel did not object to the restitution and, in fact, used the requirement that Duron pay restitution to support a motion for downward dispositional and/or durational departure; this motion was denied.

The district court sentenced Duron to 43 months' imprisonment and ordered her to pay $27,860.90 in restitution to Salina Regional Health Center. The restitution order listed "[t]he amount of restitution represents the medical expense of [the victim]" as the justification for the restitution. Duron timely appeals the restitution order.

A district court shall order a defendant "to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6604(b)(1). We review an order of restitution for an abuse of discretion. *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002). An abuse of discretion occurs if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting an abuse of discretion bears the burden of showing such abuse. *State v. Martis*, 277 Kan. 267, 280, 83 P.3d 1216 (2004).

As an initial matter, before we can proceed to the merits of Duron's restitution argument, we must first decide whether this appeal is properly before us because issues not raised before the district court generally cannot be raised on appeal. *State v. Crume*, 271 Kan. 87, 98, 22 P.3d 1057 (2001). As already noted, Duron's counsel did not object to the restitution amount before the district court. In fact, Duron's counsel used the

restitution amount to bolster an argument in favor of a downward dispositional and/or durational departure to probation. Accordingly, the issue was not preserved for appeal.

However, an issue may be considered for the first time on appeal if

"(1) [t]he newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. [Citations omitted.]" *State v. Ortega-Cadelan*, 287 Kan 157, 159, 194 P.3d 1195 (2008).

Duron argues that this issue can be raised for the first time on appeal under the second exception because she is of limited means and is without the resources to pay such a large restitution amount. Duron also argues her right to due process was violated because, upon a finding of guilt, "the court shall hold a hearing to establish restitution. The defendant may waive the right to the hearing and accept the amount of restitution as established by the court." K.S.A. 2015 Supp. 22-3424(d)(1). Duron claims in the proceedings before the district court she was denied a meaningful opportunity to be heard. We agree with another panel of our court which stated either the first or second exceptions apply when considering for the first time on appeal challenges to restitution orders based solely upon the prosecutor's statements. See *State v. Winfield*, No. 98,824, 2008 WL 3006205, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 287 Kan. 769 (2008). Accordingly, we will consider the merits of Duron's restitution challenge.

The amount of restitution is determined at the discretion of the district court. *Hunziker*, 274 Kan. at 660. "'Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure.'" 274 Kan. at 660 (quoting *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 [1996]). In *State v. Cole*, 37 Kan. App. 2d 633, 155 P.3d 739 (2007), the district court based an order

3

of restitution solely on the prosecutor's representations as there was no evidence in the record to support the restitution figure. Our court held: "Statements of counsel are not evidence. . . . The trial court's entry of the order of restitution without any evidence to support it constitutes an abuse of discretion." 37 Kan. App. 2d at 637.

Here, just as in *Cole*, there was no evidence to support the restitution amount Duron was ordered to pay, and the district court improperly based its restitution order solely on the statements of the prosecutor. Therefore, we vacate the district court's restitution order and remand the case for further proceedings consistent with this opinion.

Vacated and remanded.