NOT DESIGNATED FOR PUBLICATION

No. 120,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COURTNEY JAMES STUART,
*Appellant*.


MEMORANDUM OPINION


Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 27, 2019. Affirmed.


*Shannon S. Crane*, of Hutchinson, for appellant.


*Natasha Esau*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.


PER CURIAM: The State charged Courtney James Stewart with burglary, theft, and felony criminal damage to property. At trial, the jury acquitted Stuart of burglary and theft but convicted him of misdemeanor criminal damage to a window. At sentencing, the district court ordered Stuart pay $2,577.56 in restitution. Stuart appeals the amount of the restitution order. For the reasons set forth below, we affirm the trial court's restitution order.

1

In the afternoon of August 13, 2018, Officer Travis Lahann went to the residence of Robert Turner because a home alarm had been triggered. Turner told Lahann that he believed someone damaged a back window to gain access to the home. Lahann inspected the window, and it appeared to him that someone had used some kind of pry tool to open the window and remove the screen. Turner later noticed an iPod was missing from inside the home.

Later that same day, Stuart called and voluntarily met with law enforcement officers. In his conversation with Officer Jim Wilson, Stuart admitted he had damaged a window. He explained that he had been the victim of a burglary or a theft about a month before and he suspected a family member of stealing tools from his truck. After questioning that family member about it, he concluded the tools were being kept at an address matching Turner's residence. Stuart told Wilson that he drove to the property, parked in the driveway, and used his fingers to pry open a window to the house. Stuart told Wilson that he heard the house alarm when he put his head was inside the window, so he left the premises.

Turner testified he found the window jamb broken and the screen to the window pried off and lying on the floor inside the bedroom. He contacted Pella Window to inspect the damage and to give an estimate for repair of the window. Turner was not allowed to read the Pella Window estimate to the jury because the district court ruled it was hearsay. But Turner was allowed to testify that the damage was more than $1,000. Lahann testified that his estimate of damage to the window, based on his conversation with Turner on the day of the incident, was $300.

Following this evidence, the jury convicted Stuart of one count of criminal damage to property of an amount less than $1,000 and acquitted him of the other counts.

The district court held a sentencing hearing in May 2018, where it assessed restitution as part of the sentence. The amount of restitution was based on the Pella Window repair estimate that the district court did not admit into evidence at trial. Stuart argued the amount of restitution should be limited to the evidence at trial which showed the damage to the window was $300. The district court responded by saying:

"[B]ut the situation's not the same at sentencing that it was at, during the trial. In fact, I didn't allow in the estimate during the trial because the matter would have been hearsay. At this point—but I can consider hearsay at this time. I understand what the jury convicted of [in] the case. I heard the evidence. Your client admitted he's the one who damaged the window and the estimate is—

. . . .

"THE COURT: The restitution will be ordered as to the estimate that I did not admit during trial. 'Cause that sufficiently shows the amount of damage to the door—I mean the window. And Mr. Turner will be repaid for that.

". . . [A]nd I believe I'm more than sufficiently within the facts as I have them to order restitution on the window which the defendant admits he damaged."

The district court ordered Stuart pay $2,577.56 in restitution based on the estimate Turner received. Stuart moved the trial court reconsider the restitution, arguing that the award exceeded the jurisdictional amount for his crime of misdemeanor criminal damage to property. The district court denied the motion.

Stuart timely appeals.

DID THE DISTRICT COURT ERR IN ASSESSING THE AMOUNT OF RESTITUTION?

In this appeal, Stuart argues the district court erred by imposing an amount of restitution that is greater than the damage evidence presented at trial. He also contends the amount of restitution cannot exceed $1,000—the jurisdictional limit of damages for misdemeanor criminal damage to property.

*Standard of Review*

"Issues regarding the amount of restitution and the manner in which it is made to the aggrieved party are normally subject to review under an abuse of discretion standard." *State v. Hall*, 297 Kan. 709, 711, 304 P.3d 677 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error or law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The measure of restitution to be ordered is the amount that reimburses the victim for the actual loss suffered. *State v. Hunziker*, 274 Kan. 655, 662-63, 56 P.3d 202 (2002). Restitution is appropriate when "the requisite causal connection exists, and '"the [district] court's determination of restitution [is] based on reliable evidence"' that '"yields a defensible restitution figure."' [Citations omitted.]" *Hall*, 297 Kan. at 714.

Stuart first argues that the record contains no evidence to support the restitution amount he was ordered to pay and that the district court improperly based its restitution order on an estimate that was not admitted into evidence.

K.S.A. 2018 Supp. 21-6604(b)(1) directs in relevant part:

"[T]he court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime . . . . In regard to a violation of

4

K.S.A. 2018 Supp. 21-5801, 21-5807 or 21-5813, . . . such damage or loss shall include the cost of repair or replacement of the property that was damaged."

While "[a] sentencing judge has considerable discretion in determining the amount of restitution" to be paid, the record must support the amount of restitution awarded. *State v. Chambers*, 36 Kan. App. 2d 228, 241, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006); see *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016); *Hunziker*, 274 Kan. at 660. Furthermore, "the method of determining the amount of any required restitution is a matter within the discretion of the trial court." *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993).

Consistent with K.S.A. 2018 Supp. 21-6604(b)(1), the window repair estimate relied upon by the district court in assessing restitution represented the damage or loss caused by Stuart's crime and included the cost of repair or replacement of the damaged window.

Restitution is part of a criminal defendant's sentence. *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011). At sentencing, Turner appeared and requested restitution. The district court relied on the estimate from Pella Window to establish the exact amount of restitution. Stuart was present at the hearing and was provided a copy of the repair estimate. He did not challenge the reliability or accuracy of the estimate. His objection was that the estimate was not admitted into evidence at trial. Yet, Stuart presents no authority in support of his contention that restitution must be admitted in, or is limited by, evidence presented *at trial*.

We are unpersuaded by Stuart's reliance on *State v. Cole*, 37 Kan. App. 2d 633, 155 P.3d 739 (2007), where the district court based an order of restitution solely on a prosecutor's representations. The *Cole* panel properly observed: "Statements of counsel are not evidence. . . . [E]ntry of an order of restitution without any evidence to support it

5

constitutes an abuse of discretion." 37 Kan. App. 2d at 637. Here, the district court had evidence—a repair estimate from Pella Window—the reliability and accuracy of which was not challenged. In accordance with the directives of *Hall*, 297 Kan. at 714, the restitution order is based on reliable evidence for damage that Stuart admits he caused.

Stuart next argues restitution should be limited to the jurisdictional limit of his crime of conviction. Courts may award restitution "only for damages or losses caused by the defendant's crimes of conviction or otherwise agreed to by a defendant in a plea agreement." *State v. Miller*, 51 Kan. App. 2d 869, Syl. ¶ 1, 355 P.3d 716 (2015). One of the issues at trial was the amount of damages caused to Turner's window. Stuart was charged with causing damages of at least $1,000 but less than $25,000. See K.S.A. 2018 Supp. 21-5813(c)(2). Although Turner testified his damages exceeded $1,000, the jury determined the damages caused were less than $1,000 and convicted Stuart of misdemeanor criminal damage to property. See K.S.A. 2018 Supp. 21-5813(c)(3). Stuart's complaint is that contrary to the jury's finding on damages, the district court, in determining restitution, found the damages were more than $2,500. Stuart fails to present any persuasive authority that the district court's ability to assess restitution is limited by the jury's determination of damage.

Stuart cites *Miller* for the proposition that the district court may only order restitution for losses caused by the crimes for which the defendant is actually convicted. In *Miller*, the defendant pled guilty to burglary and theft of a machete and baby powder from a residence. At sentencing, the trial court observed that electrical and plumbing damage had been done and assessed restitution for it. Because Miller was not charged with (or convicted of) theft or criminal damage to the plumbing and electrical wiring, restitution for those damaged items was not permissible. "[O]ur statutes do not provide for restitution orders beyond those caused by the crime of conviction without the defendant's agreement." 51 Kan. App 2d at 874. Here, because Stuart was convicted only

6

of the misdemeanor offense—for causing damage of less than $1,000 damage—he asserts that any assessment over that amount is impermissible under *Miller*. We do not agree.

We note that, unlike in *Miller*, Stuart was charged with and convicted of criminal damage to the window for which restitution was awarded. There is no uncharged additional offense which forms the basis for the restitution order. Furthermore, the amount of restitution is determined not by the severity level of crime charged but by the level of damage caused by the crime. See K.S.A. 2018 Supp. 21-6604(b)(1).

Another panel of our court addressed a similar argument in *State v. Pister*, No. 113,752, 2016 WL 4736619 (Kan. App. 2016) (unpublished opinion). In *Pister*, the defendant was charged with felony criminal damage to a truck but was only convicted of misdemeanor criminal damage. As here, Pister argued he could not be assessed restitution in excess of $1,000 because he was only convicted of the misdemeanor. We agree with the reasoning in *Pister* that

> "just because the State failed to prove beyond a reasonable doubt that the value of [the victim's] truck exceeded $1,000 does not mean that the district court could not order restitution in an amount over $1,000. The jury's verdict does not mean that the State proved beyond a reasonable doubt that the damage to [the] truck was under $1,000. Rather, it meant that the State had not proved beyond a reasonable doubt that the damage was over $1,000. Since restitution need not be proven beyond a reasonable doubt, the district court did not err by awarding over $1,000 even in light of the jury's verdict." 2016 WL 4736619, at *7.

We find no error in the district court's assessment of $2,577.56 in restitution.

Affirmed.