NOT DESIGNATED FOR PUBLICATION

No. 120,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MYLON BERNARD WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 4, 2019. Vacated and remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.


PER CURIAM: Mylon Bernard Williams appeals the district court's order requiring him to pay restitution in the amount of $12,977.63 following his conviction for two counts of aggravated battery. He argues there is no evidence in the record to support the amount of restitution the district court ordered. He also argues the district court deprived him of a proper restitution hearing, violating his procedural due process rights. We find the State failed to present any evidence to support the restitution order. Additionally, based on the lack of evidence and our decision to remand for an evidentiary hearing,

Williams' claim he was deprived of a due process hearing is moot. We vacate the restitution order and remand for a hearing.

FACTS

In July 2017, the State charged Williams with multiple counts, including two counts of aggravated battery. Williams ultimately pled no contest to and was found guilty of two counts of aggravated battery. One of the victims of Williams' aggravated battery convictions, D.W., became permanently disabled when Williams shot him in his leg and back. J.E. Dunn Construction built a wheelchair elevator and ramp so D.W. could access his home.

At his sentencing hearing, Williams appeared in person and through counsel. Williams' counsel confirmed he and Williams had reviewed the presentence investigation (PSI) report before the sentencing hearing. The PSI showed D.W. would be requesting restitution, but it did not include a specific amount. Based on the Crime Victims Compensation Board's (the Board) computation, the State requested Williams pay $12,977.63 in restitution for D.W.'s wheelchair elevator and ramp and for his prescriptions. The State said J.E. Dunn Construction had built D.W.'s wheelchair elevator and ramp. Williams' counsel stated he had seen the wheelchair elevator when he investigated the case. Williams objected to the amount and reasonableness of the State's requested restitution.

When Williams objected to the restitution amount, the following exchange took place:

"[Defense counsel]: Judge, my client wants to object to the amount of restitution. He doesn't know if that's a reasonable amount or not, so.
"THE COURT: State your options are to—apparently you can't get the detailed bill from the Crime Victims Board which is, in my opinion, ridiculous. But we would

2

continue this to have you bring somebody from J.E. Dunn or somebody to establish the fee.

"[The State]: Well, Your Honor, I think I don't [*sic*] to continue the hearing to get somebody from J.E. Dunn to testify how they got the number. Crime Victims Compensation paid J.E. Dunn already, so it's not J.E. Dunn who's getting paid; it's gonna be the Crime Victims Compensation being compensated for what they've already paid out.

"THE COURT: I understand that.

[The State]: Should the court not find that amount workable, feasible, we're not interested in that. I would ask the defendant be ordered to pay out the $142.63 to the victim, [D.W.], for his prescriptions that's also awarded. So, I understand that defendant is unhappy with the amount of money for the elevator and ramp, but at least we should pay back for these prescriptions."

Ultimately, the district court sentenced Williams to 120 months in prison and ordered Williams to pay $12,977.63 in restitution, the entire amount the State had requested.

ANALYSIS

Williams now argues there is no evidence in the record to support the amount of restitution the district court ordered. He preserved this argument for appeal by objecting to the amount of restitution at sentencing. See *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002).

This court reviews arguments involving the "'amount of restitution and the manner in which it is made'" for abuse of discretion. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). The district court abuses discretion when its action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. Substantial competent evidence must support the district court's factual findings. 304 Kan. at 92.

3

The district court has discretion to determine the amount of restitution but it must support its restitution order with evidence in the record. *Shank*, 304 Kan. at 93. "'Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure.'" *Hunziker*, 274 Kan. at 660 (quoting *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 [1996]).

It is the State's burden to bring sufficient evidence to prove the restitution amount. See *State v. Cox*, 30 Kan. App. 2d 407, Syl. ¶ 1, 42 P.3d 182 (2002). Mere statements of counsel are not evidence. *State v. Cole*, 37 Kan. App. 2d 633, 637, 155 P.3d 739 (2007). In *Cole*, the district court based its restitution order solely on the State's statements because there was no evidence in the record to support the restitution figure. This court held: "The [district] court's entry of the order of restitution without any evidence to support it constitutes an abuse of discretion." 37 Kan. App. 2d at 637.

Here, the State did not meet its burden to bring sufficient evidence to prove the restitution amount. The defendant objected to the reasonableness of the State's requested restitution amount. Nonetheless, the State never moved to admit the Board's restitution computation into evidence and the district court never admitted the computation as evidence to support the requested amount of restitution. The district court gave the State the opportunity to present testimony from J.E. Dunn employees or the Board at a separate evidentiary hearing to establish the cost of the wheelchair elevator and ramp. In response, the State announced it was "not interested" in a separate hearing and offered to reduce the restitution amount to $142.63 for the costs of D.W.'s prescriptions if the court did not find the $12,977.63 amount feasible. It is not clear from the record whether the $142.63 for prescriptions was in addition to or included within the $12,977.63 amount. When the district court ordered $12,977.63 in restitution, it had no evidence admitted to support the order. Presumably, the district court used the Board's restitution computation when it

4

ordered restitution, but this court is unable to make that determination because the record does not contain any supporting evidentiary documents.

The State argues evidence in the record supports the district court's restitution determination, relying on *State v. Khamvongsa*, No. 111,780, 2015 WL 7434698, at *1-2 (Kan. App. 2015) (unpublished opinion). There, the defendant vaguely questioned the State's requested restitution amount, but he did not "object to the numbers." In finding substantial competent evidence supported the district court's restitution order, the panel questioned "why counsel did not object to the numbers or request an evidentiary hearing on the reasonableness of the restitution request." 2015 WL 7434698, at *2. Contrary to the State's argument, the facts in this case differ from *Khamvongsa* because Williams objected to the amount of restitution; thus, the district court needed to base its finding on evidence admitted into the record. The district court failed to do so. Therefore, like in *Cole*, the district court abused its discretion when it ordered restitution with no evidence to support it. For this reason, we vacate the order of restitution and remand the matter for the district court to conduct an evidentiary hearing on the issue of restitution.

Given our decision to vacate the restitution order, William's second issue on the lack of a due process hearing is moot. See *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012) ("Generally, Kansas appellate courts do not decide moot questions or render advisory opinions.").

Vacated and remanded with directions.