NOT DESIGNATED FOR PUBLICATION

No. 120,845

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY L. DAILEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed March 6, 2020. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.


PER CURIAM: Jeremy L. Dailey appeals the district court's restitution order. Dailey's convictions arose from his guilty pleas to theft and criminal trespass for exerting unauthorized control over air conditioning coils found along a fence line at the Wichita Greyhound Park. On appeal, the State concedes that the amount of the district court's restitution order was not supported by substantial competent evidence because of discrepancies regarding the number and type of coils found in Dailey's possession at the time of his arrest. Upon our review, we find the district court erred in determining the

1

amount of restitution. We reverse and remand for further proceedings regarding the amount of restitution owed by Dailey.

FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2017, Sedgwick County Sheriff's Deputy Eric Smith arrested Dailey after responding to a 911 call from James Erhart, the property manager at the Wichita Greyhound Park. According to the probable cause affidavit, Erhart had reported a possible burglary earlier that day and Deputy Smith responded. Upon arrival, Deputy Smith learned that between November 13, 2017, and November 20, 2017, someone had entered the 14 buildings on the property by breaking windows and proceeded to remove air conditioning coils from each of the buildings. According to Erhart, of the 14 coils taken, 10 were unaccounted for and the remaining 4 had been moved to an area near the fence surrounding the property.

While Deputy Smith was taking the report, two other staff members observed Dailey riding a bicycle that was pulling a trailer across the parking lot. They witnessed Dailey stopping at a place where the fence was cut, removing two of the coils, and placing them in his trailer. Deputy Smith was contacted and Dailey was arrested at the scene. Searches incident to Dailey's arrest discovered several pairs of latex gloves and hacksaw blades from his pockets, and a backpack containing a hacksaw, wrenches, more latex gloves, a flashlight, and binoculars.

Dailey voluntarily admitted to Deputy Smith that he came to the Greyhound Park to look for scrap metal and placed the coils in his trailer. He also admitted entering the fenced area at the property three weeks earlier but denied removing the coils from inside the buildings. A trail camera photograph taken on November 19, 2017, at 5:44 p.m. showed an individual standing inside the fenced area of the park near the coils on the

2

ground. The person in the photograph had comparable physical features and was dressed similarly to Dailey when he was arrested.

Dailey was charged on December 8, 2017, with theft, a severity level 9 nonperson felony in violation of K.S.A. 2017 Supp. 21-5801(a)(1) and (b)(3), and criminal trespass, a class B nonperson misdemeanor in violation of K.S.A. 2017 Supp. 21-5808(a)(1)(B). As to the theft charge, the complaint alleged that

"on or about the 20th day of November, 2017 A.D., [Dailey] did then and there unlawfully obtain or exert unauthorized control over property or services, to-wit: Air conditioning coils, with the intent to permanently deprive the owner(s), to-wit: Ruffin Properties, of the possession, use or benefit of said property or services of the value of at least $1,500.00 but less than $25,000.00."

Subsequently, Dailey pled guilty on November 13, 2018, to both charges. Dailey's acknowledgement of rights and entry of plea form stated that he agreed to enter a "plea [with] no deal." At the plea hearing, the district judge reviewed the complaint and the factual basis for the pleas:

"So I know that the . . . property in question is air conditioning coils, most likely copper coils. . . . [T]here was a fenced-in area, and within that fenced-in area there were air conditioning coils as part of the air conditioning on some of these buildings on the property; and basically what the State is saying is that you took the coils from the heating and air units that were within some or all of the buildings, and the value of those coils was at least $1500.00; and obviously Ruffin Properties, who owns the Wichita Greyhound Park, they didn't give you permission to take the coils."

Defense counsel clarified that Dailey was only pleading guilty to removing "the A coils that were already outside the building, next to the fence." The district court agreed, noting that "even though [Dailey] didn't take the coils from the air conditioning and heating units, . . . taking the property and moving it . . . with that requisite mental intent

3

to not return the property, . . . that's the felony theft and the criminal trespass." Dailey confirmed he still wanted to plead guilty to the charges, and the district court accepted his plea on that factual basis.

The district court held a sentencing hearing on December 18, 2018. Defense counsel explained that no agreement had been reached on the amount of restitution and Dailey's position was that most of the restitution requested by the State was unrelated to Dailey's crimes because he did not plead to burglary of the buildings.

Erhart testified regarding Ruffin Properties' extensive losses and property damage at the Wichita Greyhound Park as a result of someone entering the buildings on the property and removing the air conditioning coils. Erhart could not say if the damage occurred on a single day or a series of days. An insurance claim was filed totaling $124,686.38 with a $25,000 deductible amount. This insurance claim was for repairing damages to the heating and ventilation, air conditioning, electrical systems, plumbing, and drywall.

During the hearing, the following exchange occurred:

"[THE STATE:]  Let's talk about—Mr. Dailey was found to be in possession of, I believe, eight coils. And let me find—four air-conditioning coils and four A-frame coils were on his person when he was stopped by law enforcement.
"[ERHART:]  Okay."

Erhart testified it would cost $23,425.04 "to fix four air-conditioner coils, four A-frame coils and all the damage that was associated with that . . . ." He later clarified that the amount only covered the cost to repair the coils themselves—not the drywall, plumbing, or electrical work.

During the hearing, the district court asked about the cost to replace each type of coil, disregarding labor and installation costs. Erhart said that the condensing coil would be $3,165.14 per unit and the A-coil would be $1,254.59 per unit, including about $50 labor installation costs per unit. Erhart opined that the stolen coils could not be reinstalled into the air conditioner units.

In closing argument, defense counsel reiterated that Dailey was only charged with theft and "simply by taking the coils that were on the fence, there's nothing to say that Mr. Dailey had anything to do with removing the coils from the units." As a result, counsel argued there was no causal connection to justify the amount of restitution to repair the damage related to removing the coils in the buildings.

The district court took judicial notice of the plea hearing and the facts as stated in the probable cause affidavit, without objection. The district court took the restitution matter under advisement in order to conduct additional legal research. Dailey was sentenced to a controlling 8-month prison sentence with 12 months' postrelease supervision but granted a 12-month probation.

At a final hearing on restitution on January 15, 2019, the district court imposed a total restitution order based on "four AC [condenser] coils that [Dailey]'s responsible for, and four A frame coils that [Dailey] is responsible for." The district court stated it calculated the restitution amount by subtracting $50 per coil for labor costs, leading to "$3,115.14 times four, which is $12,460.56" and "$1,204.59 times four is $4,818.36," added together for "the final figure [of] $17,278.92."

The district judge explained the judgment:

"The findings that I made as far as these numbers, it's simply the math that I've calculated from what Mr. Erhart put on the record, and I've tried to state how I see the facts of this

5

case, and, of course, it may be relevant to the Court of Appeals, the factual basis that your client pled guilty to, but, the crime itself was obtain or exert unauthorized control over property, the air conditioning coils."

Dailey timely appealed.

ANALYSIS

On appeal, Dailey contends the district court's restitution order is not supported by substantial competent evidence because there is insufficient evidence to show the number or type of air conditioning coils that were stolen by Dailey. He asks that the restitution order be vacated and the matter remanded with directions to the district court to impose a restitution award of $1,500, which is the minimum property value supported by his theft conviction.

The State concedes the restitution order should be vacated because of factual disparities in the record about the type and number of air conditioning coils in Dailey's possession when he was arrested. The State asks that the matter be remanded with directions to the district court to conduct another restitution hearing to determine a proper restitution amount.

Appellate review of a district court's restitution order involves three standards of review depending on the circumstances. In the present case, the amount of restitution is at issue, so we review the order for an abuse of discretion. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). A judicial action constitutes an abuse of discretion if: (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). In this appeal, Dailey asserts the amount of restitution is factually erroneous because there was no substantial competent evidence to support it. The State candidly concedes the argument.

6

Under K.S.A. 2017 Supp. 21-6604(b)(1), a district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." Under the version in effect at the time of Dailey's theft conviction,

> "such damage or loss shall include the cost of repair or replacement of the property that was damaged, the reasonable . . . labor costs of any kind, reasonable material costs of any kind and any reasonable costs that are attributed to equipment that is used to abate or repair the damage to the property." K.S.A. 2017 Supp. 21-6604(b)(1).

Similarly, the statutory provision authorizing a district court to grant probation contains similar language requiring the court to order a defendant to "make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime." K.S.A. 2017 Supp. 21-6607(c)(2). The appropriate amount of restitution is that amount which compensates the victim for the actual damage or loss caused by the defendant's crime. *State v. Hall*, 297 Kan. 709, 713-14, 304 P.3d 677 (2013).

In issuing its restitution order, the district court appropriately referenced *State v. Arnett*, 307 Kan. 648, 654-55, 413 P.3d 787 (2018). The district court recognized that Dailey did not plead guilty to burglarizing or damaging the buildings which contained the coils and, therefore, did not impose any restitution for that loss or damage. Rather, Dailey pled guilty, in relevant part, to theft of coils from the Wichita Greyhound Park. In this regard, the district court specifically recalled defense counsel clarifying at the plea hearing that Dailey only pled guilty to unauthorized control over air conditioning coils that were lying next to a fence inside the property. As a result, the district court imposed restitution in the amount of $17,278.92, based on theft of eight total air conditioning coils—the replacement cost for "four AC coils" and "four A frame coils."

7

As both parties acknowledge, however, this restitution figure is not supported by the evidence available in the record. The number and type of coils the district court used to calculate the restitution award stems entirely from an assertion by the prosecutor based on conflicting evidence. Of particular relevance to this case, our court has vacated a restitution order where the amount is supported only by a statement made by the prosecutor. See *State v. Cole*, 37 Kan. App. 2d 633, 635-37, 155 P.3d 739 (2007); *State v. Duron*, No. 112,962, 2016 WL 765398, at *2 (Kan. App. 2016) (unpublished opinion) (citing *Cole*).

We agree with the parties that the amount of restitution ordered was not based on substantial competent evidence. Rather, it was based on an error of fact that arose based upon the prosecutor's mere assertion of the number and type of coils. What is the appropriate remedy?

The State seeks a remand with directions to conduct another restitution hearing. Dailey counters that "this Court should not remand for another hearing because the State should not get another shot at proving restitution when it failed to do so the first time around." He argues that "the correct remedy to employ here is to vacate the restitution award and remand with directions for the district court to impose the only amount of restitution supported by substantial competent evidence, $1,500." The $1,500 figure represents the minimum amount of loss for a severity level 9 nonperson felony in violation of K.S.A. 2017 Supp. 21-5801(a)(1) and (b)(3).

We are persuaded the State has the better argument. In *Cole*, a factually similar case, we held: "When there is no evidence to support a trial court's order of restitution, the restitution order must be reversed and the case remanded for further proceedings on the amount of restitution owed by a defendant." 37 Kan. App. 2d 633, Syl. ¶ 2; see also *State v. Hinckley*, 13 Kan. App. 2d 417, 420, 777 P.2d 857 (1989) ("We vacate the

amount of restitution ordered and remand for a second restitution hearing to determine the amount of restitution to be awarded.").

We hold the evidence of the number and type of air conditioning coils is unclear and not supported by substantial competent evidence. There is a need for an additional hearing to establish the factual predicates for a lawful restitution order.

Reversed and remanded for further proceedings on the amount of restitution owed by Dailey.