NOT DESIGNATED FOR PUBLICATION

No. 123,319

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKYE JOE COVERSUP,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed October 14, 2022. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and HURST, JJ.


PER CURIAM: After pleading guilty to charges of fleeing and eluding, driving while suspended, and interference with law enforcement, the district court sentenced Skye Joe Coversup to a 13-month prison term and ordered him to pay $1,381.74 in restitution. Coversup now appeals his sentence and the assessment of restitution, challenging: (1) the use of his criminal history at sentencing; (2) the sufficiency of evidence supporting the restitution order; and (3) the constitutionality of Kansas' restitution scheme. After reviewing the issues presented, we affirm Coversup's sentence and restitution order.

1

FACTUAL AND PROCEDURAL HISTORY

After an incident in July 2020 in which Coversup evaded a traffic stop for failing to stop at a roadblock—at one point driving through a fence and striking and killing a cow—the State charged him with one count each of interference with law enforcement, fleeing or attempting to elude, driving on a suspended license, no proof of insurance, and transportation of an open container of liquor. The probable cause affidavit listed multiple witnesses, including Harland J. Schuster, who owned the fence and the cow.

Coversup agreed to plead guilty to the charges of fleeing and eluding, driving while suspended, and interference with law enforcement. Pursuant to the written plea agreement, Coversup agreed to pay "any verifiable restitution as requested" for any charges listed in the complaint. As part of a presentence investigation (PSI) report, the State listed the total restitution amount as $1,381.74, which included $1,000 owed to Schuster and $381.74 owed to Shelter Insurance for a claim paid to Schuster.

At sentencing, the district court imposed a controlling sentence of 13 months in prison. Although neither party addressed restitution in their oral sentencing recommendations, the district court ordered Coversup to pay restitution in the amount of $1,381.74. The court indicated on the sentencing journal entry that restitution was to be paid to "Shelter, PO BOX 6008, Columbia MO 65205." However, the court later issued an order nunc pro tunc clarifying that "restitution should be payable in the amount of $381.74 to Shelter Insurance to the address previously noted and $1000.00 to Harland Schuster . . . (for his insurance deductible)."

Coversup timely appeals. After a thorough review of the record and the applicable caselaw, we affirm the decision of the district court ordering Coversup to pay restitution in the amount of $1,381.74.

ANALYSIS

I.    ALLOWING JUDICIAL FACT-FINDING OF PRIOR CONVICTIONS AT SENTENCING DOES NOT VIOLATE EITHER THE UNITED STATES OR KANSAS CONSTITUTIONS

Coversup asserts for the first time on appeal that the trial court violated his federal and state rights to a jury trial by relying on judicial fact-finding of prior convictions at sentencing.

Our Supreme Court has consistently rejected this claim with regard to the United States Constitution based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

In addition, while Coversup's appeal was pending the Kansas Supreme Court soundingly rejected a similar claim based on the state Constitution and held:

> "Section 5 of the Kansas Constitution Bill of Rights does not guarantee
> defendants the right to have a jury determine the existence of sentence-enhancing prior
> convictions under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020
> Supp. 21-6801 et seq.; no authority substantiates that defendants had such a jury trial
> right at common law when our state Constitution was adopted." *State v. Albano*, 313 Kan.
> 638, Syl. ¶ 4, 487 P.3d 750 (2021).

This court is duty-bound to follow Kansas Supreme Court precedent, absent some indication of a departure from a previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Coversup fails to point to any authority indicating the Kansas Supreme Court is departing from its previous positions. As a result, Coversup's

constitutional challenges to the use of judicial fact-finding of his prior convictions at sentencing fail.

II.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SETTING THE RESTITUTION AMOUNT

Coversup next challenges the district court's restitution order, arguing the State presented nothing to support awarding $1,381.74 in restitution.

Coversup acknowledges that he is challenging the restitution order for the first time on appeal. Generally, issues not raised before the district court cannot be challenged for the first time on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). However, appellate courts will consider newly raised issues under certain exceptions. Coversup relies on two: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Even if an exception applies, our decision to review an unpreserved claim under an exception is a prudential one and we are under no obligation to do so. *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

We find that the amount of restitution here is amenable to appellate review because it is based on Coversup's position that the record is devoid of *any* evidence to support the restitution amount. This position is easily addressed based on the record before us and is dispositive of his claim, thus satisfying the first exception above.

This court reviews issues related to the amount of restitution for an abuse of discretion. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is

4

based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting error, Coversup bears the burden of establishing the court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). Coversup is asserting a factual error, not a legal error. In other words, he claims there was not substantial evidence to support the district court's factual finding regarding the amount of restitution owing. He does not claim that the district court's decision was arbitrary, fanciful, or unreasonable other than the fact that it was based on a factual error, more appropriately the absence of facts to support the district court's conclusion.

The Kansas statute governing criminal restitution states that a district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime." K.S.A. 2021 Supp. 21-6604(b)(1). "'Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure.'" *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002) (quoting *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 [1996]). If a causal connection exists between a victim's actual loss and the defendant's crime and the district court's determination stems from reliable evidence that "'yields a defensible restitution figure,'" this court will uphold the district court's discretionary decision. *State v. Hall*, 297 Kan. 709, 713-14, 304 P.3d 677 (2013).

We recognize that a court abuses its discretion by basing the amount of restitution solely on statements by the prosecutor because "[s]tatements of counsel are not evidence." *State v. Cole*, 37 Kan. App. 2d 633, 636-37, 155 P.3d 739 (2007) (citing *State v. Reser*, 244 Kan. 306, 316, 767 P.2d 1277 [1989]). But there was decidedly more evidence in the court record here than mere statements of counsel.

Coversup does not dispute that he agreed to pay "any verifiable restitution as requested" for any charges listed in the complaint. The PSI report was an official court document filed in the case. It listed the amount of restitution and supported it with a letter from the insurance company that covered the loss that resulted when Coversup fled from police. Both the PSI report and the probable cause affidavit, part of the court record here, identified Schuster and Shelter Insurance as victims. In particular, both documents stated that during a high-speed vehicle chase, Coversup drove through a fence, striking and killing a cow. A letter attached to the PSI report stated that Shelter Insurance "paid $381.74 for damage to [Schuster's] property," while also reflecting that Schuster had paid a $1,000 deductible.

The judge announced the amount incorporated in the PSI report at the sentencing hearing and Coversup did not object. Coversup did not object when the court entered a nunc pro tunc correcting how the money was divided. Coversup does not claim that the restitution amount was incorrect or unworkable, just that the district could not rely only on the information in the PSI report when setting the restitution amount. Yet he cites no authority for this proposition. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (failure to support a point with pertinent authority is like failing to brief an issue). Under these facts, the evidence was sufficient to support the restitution amount ordered.

Moreover, we could easily find that if there was any error, Coversup invited it by failing to request an evidentiary hearing on restitution or otherwise object to the restitution amount ordered by the district court. See *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018) ("Generally, a defendant cannot complain on appeal about a claimed error that he or she invited.").

In short, we find that the district court did not abuse its discretion in setting the restitution amount in this case. It was supported by verifiable information from the insurance company.

III.    THE KANSAS RESTITUTION SCHEME DOES NOT VIOLATE EITHER THE UNITED STATES OR KANSAS CONSTITUTIONS

Finally, Coversup challenges the constitutionality of Kansas' criminal restitution statutes. He contends that Kansas' restitution scheme violates his right to a jury trial under section 5 of the Kansas Constitution Bill of Rights and the equivalent right found in the Sixth Amendment to the United States Constitution.

Although he admits to raising both issues for the first time on appeal, Coversup contends this court should consider his claims because they present purely legal questions arising from undisputed facts and implicate his fundamental right to a jury trial. While this court could decline to consider the merits of Coversup's unpreserved constitutional challenges to his restitution order, because of a recent Kansas Supreme Court decision, Coversup's challenges to his restitution order necessarily fails and we have no hesitancy saying so.

While this appeal was pending, the Kansas Supreme Court considered claims identical to the ones Coversup now raises in *State v. Arnett*, 314 Kan. 183, 496 P.3d 928 (2021), *cert. denied* 142 S. Ct. 2868 (2022). Beginning with the argument that Kansas' restitution statues violated the right to a jury trial under the Sixth Amendment to the United States Constitution, the *Arnett* majority recognized that the United States Supreme Court has not spoken yet on this issue despite being presented with several opportunities to take up the question. 314 Kan. at 187-88. As a result, the *Arnett* majority declined to take up the issue.

As for the state constitutional claims, the *Arnett* majority held for the first time that Kansas' current criminal restitution scheme violated section 5 of the Kansas Constitution Bill of Rights insomuch as the statutes made a criminal restitution order equivalent to a civil judgment. 314 Kan. at 194. But instead of invalidating every

7

restitution order made outside the purview of a jury under the statute, our Supreme Court's chosen remedy was to sever the offending provisions of the criminal restitution scheme. 314 Kan. at 195. By taking this approach, the *Arnett* majority observed:

> "[R]estitution may still be imposed by a judge either as part of the sentence—as contemplated by K.S.A. 2020 Supp. 21-6604(b)—or as a condition of probation—as contemplated by K.S.A. 2020 Supp. 21-6607(c)(2).
>
> "However, a criminal defendant will not be faced with a civil judgment for restitution unless it has been obtained separately through a civil cause of action. In this way, criminal restitution is—once again—not a legal obligation equivalent to a civil judgment and does not violate section 5." 314 Kan. at 196.

Coversup urges this court to vacate his restitution order because restitution constitutes a civil remedy that implicates his section 5 right to a civil jury trial under the Kansas Constitution Bill of Rights, or because it implicates his right to a jury trial under the Sixth Amendment. However, this court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Kansas Supreme Court is departing from its previous position. *Rodriguez*, 305 Kan. at 1144; see also *State v. Holley*, 315 Kan. 512, 525, 509 P.3d 542 (2022) (declining to vacate restitution order based on holdings from *Arnett*).

Coversup points to nothing to show that the Kansas Supreme Court is departing from its recent position. As a result, Coversup's constitutional challenges to his restitution order must fail.

Affirmed.

8